## BENKERT v. JACOBY *et al.*

**Will:** CONSTRUCTION OF. Will, the disposing part of which was as follows: " After my decease my wife, M. F., shall be fully entitled to the property of which I die seized, to use and dispose of the same as she may please. After her death my daughter Elizabeth shall have the whole property ; and of this property she shall give to my daughter Susanna $500 ; and to my daughter Margaretta $500. If, however, my wife shall be compelled to diminish the property so that after her death the property is less than at present, then my said daughters (naming them) shall divide the property, and Elizabeth shall have two shares and the others one share." *Held,* that the widow was invested with the fee, together with the power of disposition of the whole as well as any portion of the property, at her discretion.

| | |
|---|---|
| 36 | 273 |
| 78 | 390 |
| 36 | 273 |
| 80 | 272 |
| 36 | 273 |
| 83 | 501 |
| 36 | 273 |
| 85 | 316 |
| 36 | 273 |
| 88 | 311 |
| 36 | 273 |
| 93 | 460 |
| 36 | 273 |
| 95 | 173 |
| 36 | 273 |
| 104 | 652 |
| 36 | 273 |
| 118 | 272 |
| 36 | 273 |
| 121 | 72 |
| 36 | 273 |
| 132 | 577 |

*Appeal from Des Moines District Court.*

TUESDAY, APRIL 8.

THE plaintiff brings this action to quiet title in him to the north-east quarter of the north-east quarter of section 36, in township 71 north, of range three west, containing forty acres. The petition states that the plaintiff purchased the land from Margaretta Fleischman, widow of Frederick Fleischman, deceased, and that the widow was the owner in fee of the land by virtue of a bequest thereof to her in the last will and testament of her late husband. Copies of the will and conveyance are annexed to the petition.

The court sustained a demurrer to the petition, and the plaintiff refusing to amend, judgment was rendered for the defendants. Plaintiff appeals.

*Antrobus & Kelley* for the appellant.

*Halls & Baldwin* and *Samuel R. Tracey* for the appellees.

MILLER, J. — This case involves the construction of the last will and testament of Frederick Fleischman, *deceased*, a copy of the material part of which is as follows :

"BURLINGTON, DES MOINES Co., IOWA.

"Being of sound mind, I, Frederick Fleischman, make my last will and testament as follows, to wit : After my decease, my wife, Margaretta Fleischman, shall be fully entitled to the property of which I die seized, to use and dispose of the same as she may please. After her death my daughter Elizabeth Fleischman shall have the whole property, and of this property she shall give to my daughter Susanna Fleischman $500 ; my daughter Elizabeth shall also give to her sister, or my daughter Margaretta Fleischman, $500. If, however, my wife shall be compelled to diminish the property so that after her death the property is less than at present, then my daughters Elizabeth,

Susanna and Margaretta, shall divide the property, and Elizabeth shall have two shares and the others one share."

The will was admitted to probate in the circuit court of Des Moines county, on the 6th day of February, 1871. On the 28th day of September, 1871, the widow, claiming to be sole legatee under the will, conveyed the real property in controversy to the plaintiff.

The question presented for decision is, whether the widow took a fee or a life estate in the property devised.

The will uses the general term "property," which includes personal and real property. Revision of 1860, § 29, subd. 10. So that all the property, of which the testator died seized, would pass by the will.

Under our statute the term "heirs," or other technical words of inheritance are not necessary to create and convey an estate in fee simple. Rev., § 2208. If, therefore, the question depended alone on the first clause in the will, there would be no doubt that the widow of the testator, would take the real estate in fee simple and the personal property absolutely. The language of this clause: "After my decease, my wife, Margaretta Fleischman, *shall be fully entitled to the property of which I die seized, to use and dispose of the same as she may please,*" would, if standing alone, put it beyond question that a fee simple, an absolute and unqualified estate was intended, and would, under our law, vest in the widow upon the death of the testator. In order, however, to arrive at a correct construction we must take into consideration the entire instrument and ascertain therefrom, if possible, the real intention of the testator. "The intention of the testator is the first and great object of inquiry, and to this object technical rules are, to a certain extent, subservient," and when such intention is ascertained it is the "pole-star by which the courts must steer." 4 Kent's Com. 534, 535; *Smith* v. *Bell*, 6 Pet. 80; *Boyd* v. *Strahan*, 36 Ill. 359. The courts have gone farther in ascertaining and giving effect to the intention of the testator in cases of wills than in respect to any other class of written instruments. Id.

This principle has been carried to the extent that it has been said that "cases on wills may guide as to general rules of construction; but, unless a case cited be, in every respect, directly in point and agree in every circumstance, it will have little or no weight with the court, who always look upon the intention of the testator as the polar star to direct them in the construction of wills." See *Smith* v. *Bell*, *supra*, citing *Lloyd* v. *Williams*, 3 Wils. 141; *Hopkins* v. *Grimes*, 14 Iowa, 73; *LePage* v. *McNamar*, 5 id. 124.

The second clause in the will before us, which is as follows: "After her (the widow's) death, my daughter Elizabeth Fleischman *shall have the whole property*, and of this property she shall give to my daughter, Susanna Fleischman, $500; my daughter Elizabeth shall also give to her sister, or my daughter Margaretta, $500," would seem to manifest a different intent from that of the first clause. The intent to be gathered from these two clauses is, that the widow should take a life estate only, and the daughter Elizabeth a remainder in fee, for upon no other theory could these clauses have force and effect, and it is a canon of construction that that construction will be adopted, if practicable, which will give effect to the entire instrument.

This second clause of the will which gives the whole property to Elizabeth after the death of the widow, and charging upon the daughter the payment of certain legacies to her two sisters, if given effect, manifests an intention on the part of the testator to pass the fee to Elizabeth. *Fox* v. *Phelps*, 17 Wend. 393; *Jackson* v. *Merrill*, 6 Johns. 185; *Jackson* v. *Bull*, 10 id. 148; *Jackson* v. *Martin*, 18 id. 31.

There are numerous cases of wills containing clauses similar in substance with the first and second in this case, holding that the widow took but a life estate under the first clause, and that a fee passed to the devisee by the second clause. *Smith* v. *Bell*, *supra ; Boyd* v. *Strahan*, *supra ; Seigwald* v. *Seigwald*, 37 Ill. 435; *Bergan* v. *Cahill*, 55 id. 160 ; *Schoonmaker* v. *Stocton*, 37 Penn. St. 461 ; *Musselmans' Estate*, 39 id. 469.

The ground upon which these cases are based is, that taking the two clauses together, it was the clear *intention* of the testator that the widow should enjoy the estate during her life, and that, at her death, it should go to the devisee named in the second clause. To give effect therefore to both clauses, and guided by the testator's intention, it is held, that under the first clause, although standing by itself, would be sufficient to pass a fee, a life estate only passed — the second clause qualifying the general language of the first. The power to dispose of the property devised at pleasure, given in the first clause, being held to be limited by the qualifying and restraining language of the second clause to mean " such disposal as a tenant for life can make."

Does the third clause of the will in this case qualify or change the intention manifested by the two former when standing together without the third ? It is as follows : " If, however, my wife shall be compelled to *diminish* the property *so that after her death the property is less than at present,* then my daughters, Elizabeth, Susanna and Margaretta, shall divide the property, and Elizabeth shall have two shares and the others one share."

By the language here used, it is clear the testator contemplated that, under the first clause of his will, he had conferred upon his widow such a title in the property as, that after his death she would have the power to diminish it, so that at her death it would be less than when she should receive it. Not only so, but he evidently contemplated that it might be so materially diminished that it would be unfair to require Elizabeth to pay $500 to each of her sisters for the remnant of the property, and hence he directs a division of what should be left at the death of his widow. Now, if we restrain and limit the language of the first clause of the will so as to mean that the widow should have only such power of disposal as a tenant for life might have, then clearly she could not make any disposition that would diminish the property, especially the land. The language of this last clause cannot be fairly construed to mean, that if the widow in the use thereof shall ren-

der it of less *value*, then a different arrangement shall be made between the daughters, in respect thereto. The language is too plain to admit of such a construction. It is, "if my wife shall be compelled to *diminish* the *property* so that after her death the *property* is less" (not its value) "than at present, then," etc. This clause of the will shows clearly that it was the intention of the testator, by the use of the words in the first clause, namely: "After my death, my wife, Margaretta Fleischman, *shall be fully entitled to the property of which I die seized, to use and dispose of as she may please*," that the widow should have such right and title to the property as that she could dispose of it, so that at her death the daughters would not get all of which the testator died seized; that she could dispose of it so that there would be less of it to go to the daughters. This, as we have seen, she could not do, if she had only a life estate in the land. In order to do so she must be invested with the fee. If she had such title as that she could dispose of part of the property, so that Elizabeth would or could not have the whole at the widow's death; she could, under the same power and authority, dispose of the whole, for she took the whole by the same title that she did of a part. Whether the land in controversy is the whole or a part only of the property devised to the widow, does not appear. But whether it is or not, the language of the testator clearly shows that he intended his wife to have such a title in the property as that she could dispose of it at pleasure, and thereby diminish it, and that the daughters would take at her death only what was left after such diminution. If, therefore, the widow found it necessary to dispose of the whole property in her life-time, nothing would remain to the daughters. If she found it necessary to diminish the property, it was given to her so that she might do so, and this power to diminish the property necessarily extends to and gives the power to consume it altogether, for the right to diminish is not limited. It was the intention of the testator, that the daughters should take what was left of the property at his widow's death, giving to her, however, full power of disposing of it at pleasure, during her life-time, so as

to leave it uncertain what portion of the property, if any, would go to the daughters at her death.

The widow having disposed of the land in controversy to the plaintiff, as she had the power to do, the plaintiff took a good title thereto as against the other devisees named in the will.

It is urged in argument that the widow's right to dispose of the property depended upon the contingency that she was "compelled" to do so for her maintenance, and that to justify her conveyance it must be shown that such contingency has happened. It seems to us quite clear that the testator intended to leave this matter to the discretion of his widow, when he said, by his will, that she "shall be fully entitled to the property of which I die seized, to use and dispose of the same *as she may please.*"

Reversed.