Alden et al. v. Johnson et al.

ALDEN ET AL. v. JOHNSON ET AL.

1. **Will:** REVOCATION BY SUBSEQUENT BIRTH OF CHILD. The birth of a child of a testator operates in law to revoke a will by him previously made. Whether the rule would be different, in case provision should be made in the will for the child subsequently born, is not decided.

2. ———: ABSOLUTE DEVISE FOLLOWED BY WORDS OF DIRECTION: EFFECT OF THE ADDED WORDS. Where a husband devised his property "absolutely, in fee simple," to his widow, and, after so disposing of it, he added language directing the disposition of so much thereof as should remain at her death, *held* that these directions could not have the effect to limit her title to the property; for, if the added language be regarded as precatory merely, it would, of course, have no such effect; and if regarded as imposing a limitation upon her title, it would be void, because repugnant to the prior language of the instrument, by which the absolute title is conveyed.

3. ———: INTENTION OF TESTATOR: HOW DETERMINED. In order to determine the intention of the testator, courts can look only to the will itself, guided by the established rules of interpretation.

4. ———: REVOCATION BY BIRTH OF CHILD: WHO MAY TAKE ADVANTAGE OF. Where the subsequent birth of a child has wrought the legal revocation of a will, any person who, but for the will, would share in the devised property, has such an interest in setting the will aside that he may maintain an action for that purpose.

*Appeal from Clarke Circuit Court.*

FRIDAY, MARCH 21.

ACTION in chancery to set aside a will. A decree was

entered granting the prayer of petitioners. Defendants appeal.

*Stuart Brothers*, for appellants.

*A. J. Johnson* and *McIntire Bros.*, for appellees.

BECK, J.—I. Calvin R. Johnson, in his life time, executed a will which disposes of all his property in the following language:

"I give and bequeth unto my wife, Martha V. Johnson, absolutely in fee simple, the undivided third part of the following real estate, situated and being in Clarke county, state of Iowa, to-wit:

"The n e $\frac{1}{4}$ of section nineteen, and the s w $\frac{1}{4}$ of the s w $\frac{1}{4}$ of section 31, in township 71, range, 27; also the s w $\frac{1}{4}$ of the s e $\frac{1}{4}$ of section 25, township 72, range 26; lots 1, 2, 3 and 4 in block 15 in East Hopeville; also 15 acres off the south side of the n w $\frac{1}{4}$ s w $\frac{1}{4}$ of section 6, township 70, range 27, in Decatur county, Iowa, together with all and singular the improvements thereon, and the appurtenances thereunto belonging or appertaining.

" I give and bequeath to my said wife all the personal property and effects of every nature and kind of which I may die seized or possessed, wherever the same may be found, as well as all the real estate belonging to me at the time of my death, not hereinbefore named or described. It is my will, and I hereby direct, that any portion of the property, real, personal or mixed, herein bequeathed to my said wife, and that may remain at her death, shall be and become the property of any surviving child or children, if any—the child or children of myself and my said wife, and the fruits of our marriage. And if more than one shall survive my said wife, then the said property shall be divided among them all in equal shares; but if no such child or children survive my said wife, then it is my will, and I hereby direct, that all the property herein bequeathed to my said wife, and remaining at her death or

remarriage, shall revert to and become the property of my children by a former marriage, and shall be divided among them in equal shares. I hereby nominate and appoint my wife, Martha V. Johnson, executrix of this my last will and testament."

This will was admitted to probate after the death of the testator, and this action is brought to set it aside, on the ground that, subsequent to the execution of this will, a daughter, now an infant of tender years, was born to the testator. The plaintiffs are children by a former marriage, and the defendants are the widow of the testator and his infant daughter.

II. The sole question in the case, namely, whether the birth of the daughter, after the execution of the will, in law operated to revoke it, is presented upon the pleadings in the case, which need not be particularly recited.

*1. WILL: revocation by subsequent birth of child.*

This court has often ruled that the birth of a child of the testator operates as a revocation of a will before made. *Negus v. Negus*, 46 Iowa, 487; *Carey v. Baughn*, 36 Id., 540; *McCullum v. McKenzie et al.*, 26 Id., 510; *Milburn v. Milburn*, 60 Id., 411. The facts of this case bring it within this rule.

III. Counsel for defendants insist that, if provision be made in the testament for the child subsequently born, it will not be within the rule, and will stand. Without determining the correctness of this position, let it be admitted for the purposes of the case.

It will be observed that the will devises to the testator's widow the real estate in fee simple absolute, which is shown by the pleadings to be all of his lands, and also bequeaths to her all the personal property of which he died possessed. After making this disposition of the property, it directs that any portion which may remain at the death of the widow shall go to the surviving children of the testator and his widow, and, if

*2. ——: absolute devise, followed by words of direction: effect of the added words.*

there be none, it shall, in that case, be taken by his children of a former marriage. The will gives the absolute title of the property to the widow, with a subsequent direction as to the disposition of whatever part may remain at her death. The words of the will directing the disposition of the property remaining at the death of the widow, if regarded as simply precatory in character, cannot, of course, affect the absolute title she takes under the instrument. And if they be regarded as imposing a condition or limitation, to the effect that she shall take less than the unqualified and absolute interest and title in the property, they are repugnant to prior language of the instrument, divising to her the fee simple title in the land, and an unqualified right to the personal property, and are, therefore, void. See *Rona et al. v. Mier et al.*, 47 Iowa, 607; and cases cited; *Benkert v. Jacoby et al.*, 36 Id., 273; *Williams v. Allison*, 33 Id., 278. As to the effect of such a condition in a deed, see *Case v. Dwire et al.*, 60 Iowa, 442. Under this rule of the law, the widow acquires by the terms of the will all the property of the testator, without limitation or condition. No provision, therefore, is made in the instrument for children subsequently born. It must, therefore, be regarded as void.

IV. We need not enquire whether the testator may, by the express terms of the will, cut off children subsequently born from sharing in his property, and, by the expression of such an intention, bestow it all upon others, for the reason that the question is not presented by the facts of the case. No intention to cut off the children subsequently born may have been entertained by the testator; on the other hand, it is possible that he did intend to leave them something. It surely does not appear from the will that the testator did not intend to make some provision for them. But, under the rules of the law, the will does not sufficiently express an intention to provide for them, which can be enforced. We can

3. ——: intention of testator: how determined.

look only to the will itself, guided by the rules of interpretation, in order to determine the intention of the testator, and cannot, for that purpose,

resort to other sources to discover it. We are, therefore, required to hold that no intention is expressed in the will as to children subsequently born, whether they shall or shall not take a part of the estate. The will makes no provision for them, and we can seek for the intention of the testator no further.

V. Appellant's counsel insist that plaintiffs have not such an interest in the property of the estate that they may, in its 4. ——: revo- protection, prosecute this action. If the will be cation by birth of child: set aside, they will share in the property of this who may take advantage of. estate; they have therein an interest contingent upon the validity of the will. There is no rule of the law which will bar the doors of the courts, when they seek to enter, asking the judicial determination of the law and the facts whereon they base their claim to the property.

The foregoing discussion disposes of all questions necessary to bedetermined in the case. The judgment of the circuit court is                                        AFFIRMED.