JOHN H. MITCHELL and others *vs.* WELLINGTON B. MORSE.

Franklin. Opinion August 6, 1885.

*Will. Devisé. Life-estate. Remainder.*

A devise was in these words: "I give and devise to my wife, Sarah F. T. Mitchell, all the rest and residue of my real estate. But, on her decease, the remainder thereof, I give and devise to my said children, or their heirs respectively, to be divided in equal shares between them." *Held*, that the widow took an estate in fee simple, and that the devise over, of the remainder, was void.

ON REPORT.

Real action to recover the possession of certain premises in Chesterville.

The opinion states the material facts.

*H. L. Whitcomb*, for the plaintiffs.

The word "remainder," as used in the will, has a well settled legal signification, viz: "A remnant of an estate in land, depending upon a particular prior estate, created at the same time, and

by the same instrument, and limited to arise immediately on the termination of that estate, and not in abridgement of it." 4 Kent. Com. 197. "An estate limited to take effect and be enjoyed after another estate is ended." 2 Black. Com. 163, 164.

But if the testator meant by the word "remainder" what part of the estate the widow should not convey in her lifetime, then we say, the true interpretation is that part of the estate which she could not legally sell for the payment of legacies and debts. *Hamilton* v. *Wentworth*, 58 Maine, 101; *Pratt* v. *Leadbetter*, 38 Maine, 9; *Stevens* v. *Winship*, 1 Pick. 318; *Larned* v. *Bridge*, 17 Pick. 339.

*S. Clifford Belcher*, for the defendant.

WALTON, J. This is a real action, and the only question is whether John Mitchell, by his last will and testament, gave his wife a fee simple estate in the demanded premises, or only an estate for life.

It is the opinion of the court that he gave her a fee simple estate. A devise of real estate without words of limitation vests in the devisee an estate in fee simple; and this result is not defeated by a devise over of the remainder. If a life estate only is given, a devise over of the remainder is good. But when by the terms of the devise an estate in fee simple is given, the addition of a devise over of a remainder is void, because, the whole estate having already been disposed of, there is nothing for it to act upon. The argument usually urged against this conclusion is that the devise over ought to be allowed to cut down or reduce the estate previously given to a life estate, upon the ground that such must have been the intention of the devisor. And in a few cases this argument has prevailed. But in a large majority of the cases, both in England and in this country, it is held that a mere devise over of a remainder, will not cut down the estate given to the first taker. *Jones* v. *Bacon*, 68 Maine, 34; *Stuart* v. *Walker*, 72 Maine, 145.

In this case, the testator first gives a few small legacies to his children. He then gives the residue of his personal property to

his wife. He then declares that if the personal property is not sufficient to pay the legacies and the expenses of his last sickness, enough of his real estate may be sold to supply the deficiency. He then adds this clause:

"I give and devise to my wife, Sarah F. T. Mitchell, all the rest and residue of my real estate. But, on her decease, the remainder thereof, I give and devise to my said children, or their heirs respectively, to be divided in equal shares between them."

It will be noticed that in this devise there are no words of limitation. The gift is direct, positive, and absolute. And but for the devise over of a remainder, no one would doubt that under our statute (R. S., c. 74, § 16) the terms used are sufficient to convey an estate in fee simple. The devise over is also direct and simple. It has no qualifying words or conditions whatever annexed to it. We thus have, first, a devise of a fee simple estate, and then a devise over of a remainder. The two can not co-exist. It is settled law in this state, as will be seen by the cases cited, that the latter must yield. The question is *res judicata* in this state, and will not be further discussed here.

The plaintiffs are the children mentioned in the secondary devise. The defendant has a warranty-deed from the primary devisee. His is the better title.

*Judgment for defendant.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.