BILLS v. BILLS et al.

**Wills:** CONSTRUCTION: LIFE-ESTATE OR FEE SIMPLE. Where a testator devised and bequeathed to his wife all his real and personal property, "except as hereinafter specified," and in a subsequent clause of the will he expressed a desire that all the real and personal property bequeathed to his wife, remaining at her decease, should be divided into five equal shares, and given to persons named, *held* that the widow took the real and personal property absolutely, and not for life merely, as against the five persons to whom the testator desired distribution to be made at her death. (See opinion for rules and citations relating to the interpretation of wills, where there is apparent conflict between a clear and absolute bequest and subsequent precatory or restrictive provisions.)

*Appeal from Jones District Court.*—Hon. Jas. D. Giffen, Judge.

Filed, May 26, 1890.

Action for the interpretation of a, will, brought by the widow of the testator, who is an executrix of the will, and a devisee and legatee thereunder. A demurrer to plaintiff's petition was overruled. Defendants appeal.

*J. S. Stacy,* for appellants.

*Sheean & McCarn* and *W. G. Thompson,* for appellees.

Beck, J.—I. The will presented for interpretation is in the following language :

"In the name of God, amen: I, Sidney Elijah Bills, of the town of Strawberry Hill, in the county of Jones, and state of Iowa, of the age of sixty-one years, and being of sound mind and memory, do make public and declare this my last will and testament, in manner following ; that is to say : *First,* I give and bequeath to my wife, Irene Bills, all of my real and personal property situated in Jones county, Iowa, except as here-inafter specified ; *second,* I give and bequeath to my nephew Sanford H. Brownell all that real estate conveyed to me by him, containing one hundred and thirty-four (134) acres, more or less, situated in Decatur county, Iowa, and also all that real estate owned by me situated in the town of Sabula, Jackson county, Iowa ; and, *third,* I give and bequeath to said Sanford H. Brownell the bay mare known by name 'Nellie,' now in Jones county, Iowa, also one hundred dollars in money, same to be taken in payment for what I owe him at this time ; *fourth,* I give and bequeath to my brother, Daniel B. Bills, the sum of one hundred dollars in money ; *fifth,* all the real and personal property herein bequeathed to my wife, Irene Bills, remaining at her decease, I desire to be divided into five equal shares,

to Daniel B. Bills and Abigail E. Diviney, and remaining shares to my brothers' two sons, Frank E. Bills and Frederick A. Bills, and Sanford H. Brownell. All of which said several legacies or sums of money I direct and order to be paid to said respective legatees within one year after my decease ; and I hereby appoint as my executors of this, my last will and testament, my wife, Irene Bills, and John Bender, of Jones county, Iowa, hereby releasing them from giving bonds, and hereby revoking all former wills by me made.''

II.   Plaintiff claims in her petition, and insists, that under the will she takes an absolute estate, in fee simple, in the lands, and the absolute property in the personalty of the estate, and that the fifth item of the will simply uses precatory language, and does not limit the estate and interest vested in plaintiff by the first item. Defendants maintain the contrary, insisting that plaintiff takes but a life-estate in the property, with the right to possess, enjoy and use it, but, after such estate and right shall be terminated by her death, the property shall be distributed under item 5 of the will.

III.   In our opinion, the books teach these rules for the interpretation of wills :   *First*.   When an estate or interest in lands is devised, or personalty is bequeathed, in clear and absolute language, without words of limitation, the devise or bequest cannot be defeated or limited by a subsequent doubtful provision inferentially raising a limitation upon the prior devise or bequest. *Second*.   When there is an absolute or unlimited devise or bequest of property, a subsequent clause expressing a wish, desire or direction for its disposition, after the death of the devisee or legatee, will not defeat the devise or bequest, nor limit the estate or interest in the property to the right to possess and use during the life of the devisee or legatee.   The absolute devise or bequest stands, and the other clause is to be regarded as presenting precatory language.   The will must be interpreted to invest in the devisee or legatee the fee-simple title of the land, and the absolute property in

the subject of the bequest. *Williams v. Allison*, 33 Iowa, 278; *Benkert v. Jacoby*, 36 Iowa, 273; *Rona v. Meier*, 47 Iowa, 607; *Alden v. Johnson*, 63 Iowa, 127; *In re Will of Burbank*, 69 Iowa, 378; *McKenzie's Appeal*, 41 Conn. 607; *Jackson v. Bull*, 10 Johns. 20; *Mitchell v. Morse*, 77 Me. 423; 1 Atl. Rep. 141; *Ramsdell v. Ramsdell*, 21 Me. 288; *Jones v. Bacon*, 68 Me. 34; *Harris v. Knapp*, 21 Pick. 412; *Lynde v. Estabrook*, 7 Allen, 68; *Fiske v. Cobb*, 6 Gray, 144; *Gifford v. Choate*, 100 Mass. 343; *Williams v. Worthington*, 49 Md. 572; *Foose v. Whitmore*, 82 N. Y. 405; *Campbell v. Beaumont*, 91 N. Y. 465; *Stowell v. Hastings*, 59 Vt. 494; 8 Atl. Rep. 738; *Seibert v. Wise*, 70 Pa. St. 147; *Moore v. Sanders*, 15 S. C. 440; *Canedy v. Jones*, 19 S. C. 297; *Anderson v. Cary*, 36 Ohio St. 506. Cases cited by defendants' counsel are not in conflict with the doctrines we have stated, in that the instruments interpreted therein, by their express language, did not vest the devisee with the fee of the land, nor the legatee with the absolute property in the subject of the bequest; a contrary purpose clearly appearing in the wills.

These views lead us to the conclusion that the district court rightly overruled the demurrer to plaintiff's petition. Its judgment is          AFFIRMED.