S. L. POOL and JOSEPHINE ALLOWAY, Appellees, v. OLA
     NAPIER, JAMES NAPIER ET AL., Appellants.

Wills:  CONSTRUCTION:  LIFE ESTATES.  A devise by one spouse to the
    other of the use and benefit of all testator's property, with full
    power to use and transfer the same as if belonging to the
    devisee in fee, the will also containing the further provision that
    upon the death of the devisee the remainder to go to certain
    heirs of the testator, creates simply a life estate in the first taker
    with an added power of disposition, and the remaining property
    will go to the other heirs designated by the testator.

*Appeal from Jasper District Court.*—HON. W. G.
                    CLEMENTS, Judge.

             FRIDAY, FEBRUARY 11, 1910.

    SUIT for the partition of real estate.  The trial court
granted plaintiffs the relief demanded, and defendants ap-
peal.—*Reversed.*

    *A. L. Steele,* for appellants.

    *Henderson & Henderson,* for appellees.

    DEEMER, C. J.—Plaintiffs and the defendant Ola Na-
pier are the children and heirs at law of Ruth and Jona-
than M. Pool, deceased, and defendants Olga Napier and
Opal Napier are minor children of Ola Napier.  Ola Na-
pier is also the administratrix of the estate of Jonathan M.
Pool, deceased.  The parties each claim the real estate in
controversy under the last will and testament of Ruth Pool,
deceased.  The material parts of this will read as follows:

I. I give, devise and bequeath unto my beloved husband, Jonathan M. Pool, the use and benefit of all my property both real and personal of whatsoever kind or nature, wherever found, with full power to use and transfer the same as if it belonged to him in fee simple.

II. At the death of my said husband, Jonathan M. Pool, I give, devise and bequeath unto my daughter Ola Napier and her two children Olga Napier and Opal Napier, to have and hold, share and share alike, all property, both real and personal, remaining after the death of my said husband, Jonathan M. Pool.

III. I do not give my other two children, Josephine Alloway and S. L. Pool, anything for the reason that they have had their share.

For appellees it is contended that under the first paragraph of the will Jonathan Pool took an estate in fee in testatrix's real estate, and that upon the death of Jonathan they, with the defendant Ola Napier, each took a one-third of the real estate passing to Jonathan by will and undisposed of at the time of his death. Defendants' counsel contends, however, that Jonathan Pool took nothing but a life estate under the will, and that at his death whatever remained undisposed of passed under the second paragraph of the will to Ola Napier and her children, Olga and Opal, and that plaintiffs have no interest therein. Thus we have again presented the question which has given this and other courts so much trouble, and upon which the members of this court have not been in entire agreement. If the first paragraph of the will gave Jonathan Pool nothing but a life estate, with added power of disposition of any part or all of the real estate, and he died without making disposition thereof, the remainder, if any, passed to defendants under the second paragraph of the will. If, on the other hand, the first paragraph of the will gave Jonathan an estate in fee, with full power of disposition as his own, and not in virtue of a power of appointment, then the second paragraph of the will is of no effect, and the property

passed as claimed by plaintiffs, for the reason that any subsequent limitations upon the power of disposition are void for repugnance, or the subsequent words will be treated as precatory. These rules are very well settled by our cases, and the difficulty has been in their application.

Appellants concede that, if the words "the use and benefit of" had been omitted from the first paragraph of the will, Jonathan would have taken an estate in fee, and the second paragraph would have been void; but they contend that by the use of these words testatrix intended to devise nothing but a life estate to him, with added power of disposition, and that the remainder passed under the second paragraph of the will to the defendants. The majority of the court are of opinion that nothing but a life estate passed by the first paragraph of the will, and cite in support of this conclusion the following cases: *Podaril v. Clark,* 118 Iowa, 264; *Spaan v. Anderson,* 115 Iowa, 121; *Webb v. Webb,* 130 Iowa, 457; *In re Proctor Estate,* 95 Iowa, 172; *Law v. Douglass,* 107 Iowa, 606; *In re Stumpenhousen's Estate,* 108 Iowa, 555; *Wheeler v. Long,* 128 Iowa, 643; *Hoefliger v. Hoefliger,* 132 Iowa, 577; *Luckey v. McCray,* 125 Iowa, 691. They are of opinion that the words "use and benefit" have reference to a qualified estate, rather than to an absolute and unqualified one. Support for this construction is also found in the third paragraph of the will.

The minority of the court are of opinion that the first paragraph of the will gave Jonathan Pool all of testatrix's property, both real and personal, with full power to use and transfer the same as if it belonged to him in fee simple. This power, according to the view of the minority, is not an added one, superimposed upon a devise of a life estate, but a power in the devisee himself to use and transfer the property as if it belonged to him in fee simple. The term "use" is twice used in the will, and should be given the same significance each time it is written. As last used, it

is to "use . . . the same as if it belonged to him in fee simple." This manifestly means every sort of use. Moreover, the word "transfer" is, in the opinion of the minority, broad enough to cover a devise of the land, "as a devise is a purchase," and, if power to will be necessary, it is here found. The minority rely upon *In re Barrett's Will,* 111 Iowa, 570; *Bulfer v. Willigrod,* 71 Iowa, 620; *Bills v. Bills,* 80 Iowa, 269; *Halladay v. Stickler,* 78 Iowa, 388; *Hambel v. Hambel,* 109 Iowa, 459; *Channell v. Aldinger,* 121 Iowa, 297; *Talbot v. Snodgrass,* 124 Iowa, 681; *Rona v. Meier,* 47 Iowa, 610; *Steiff v. Seibert,* 128 Iowa, 748; *Tarbell v. Smith,* 125 Iowa, 388; *Law v. Douglass,* 107 Iowa, 606. It is useless to review these cases. The matter has been discussed so many times and from so many different angles that nothing further can be added.

Some other matters are presented, which need not be decided, for they are all dependent upon a finding that Jonathan Pool took an estate in fee under the will. As the majority of the court are of opinion that he did not, and that the property passed immediately upon the death of Jonathan, if not before, to the defendants, there is no need for further discussion.

The decree must be reversed, and the cause remanded for proceedings in harmony with this opinion.—*Reversed.*