In re Estate of Catherine Hansen.

Mary Juel et al., Appellants, v. Peter Hansen et al., Appellees.

Filed September 26, 1910. No. 16,117.

1. Wills: Construction. If husband and wife join in an instrument in form of a joint will, which disposes only of property of which the husband is the sole owner, it will be sustained as the will of the husband.

2. ———: ———: Devise of Homestead: Presumptions. If from the language used by the testator it is doubtful whether he intended to devise his real estate in fee simple to his wife or only a life estate therein, the fact that the real estate is their homestead and the law would give her a life estate therein, and that the will contains no other provision changing the statutory disposition of his property, should be considered in determining the true meaning of the will in that respect. In such case the presumption that the testator knew the statutory provision and intended to change or modify the disposition which the law would make will be indulged to aid in determining the intention of the testator.

Appeal from the district court for Kearney county: Harry S. Dungan, Judge. Affirmed.

M. D. King and J. L. McPheely, for appellants.

Lewis C. Paulson, contra.

Sedgwick, J.

Christian Hansen and Catherine Hansen executed a written instrument as their joint will. They were husband and wife, and Christian Hansen was then the owner of 80 acres of land in Kearney county, upon which they were living as their homestead. After the death of Mr. Hansen, Mrs. Hansen deeded the land to their son Martin, under which deed he claims to be sole owner of the land. After the death of Mrs. Hansen, other children of Mr. and Mrs. Hansen brought this action claiming an interest in the land as heirs of their father. The questions presented

are whether the instrument executed as a will by two persons jointly is valid for any purpose, and, if so, did it devise a fee title with power to sell and convey, or only a life estate?

1. The substance of the instrument is as follows: "Whereas we, Christian Hansen and Catherine Hansen, husband and wife, of Kearney county, Nebraska, are advancing in years and knowing the uncertainty of this mortal life, although we, at present, have fair health and sound mind and memory does hereby make and publish this our last will and testament. (thanks be to God that we have some property in our declining years to bequeath) in manner and form following, that is to say: First. We, or either of us, give and bequeath all our separate or joint property both real and personal to the one of us that shall overlive and survive the other. Second. The survivor is hereby appointed executor and administrator without bond of the entire estate of the deceased. Third. After both our death we severally request that our property be equally divided among our children, share and share alike, in case any of our children shall die in our lifetime, leaving issue and descendants, we direct that his or her share shall not lapse, but shall be passed to such descendants in equal proportions. In witness whereof we and each of us have hereunto subscribed our names in Minden, Kearney county, Neb., this the 30th day of November, 1894." It was signed by both parties and attested in statutory form.

In *Walker v. Walker*, 82 Am. Dec. 474 (14 Ohio St. 157), which is cited by the plaintiffs, the court held: "An instrument by which a husband and wife jointly attempt to make a testamentary disposition of the property of both, to treat it as a joint fund, jointly devising the real property of the wife, and jointly giving legacies out of the personalty of both, cannot be admitted to probate as the will of either, or of both. Such an instrument is in its nature irrevocable, and contravenes the policy of the law." Several authorities are cited by the court, some

agreeing with the conclusions therein reached, and others apparently holding a contrary doctrine. It appears from a note to this case in the American Decisions that the doctrine has been somewhat limited by the same court in *Betts v. Harper,* 39 Ohio St. 639. In those authorities which have found objection to the execution of joint wills the reason generally assigned appears to be that "it is of the essence of a will that it is revocable," and that such a writing, being in the nature of a compact, if it should be held valid would interfere with the freedom of revoking and altering the will by the testator. This objection does not seem to the writer to be insurmountable, but it is not necessary to determine the general question discussed in the Ohio decision now under consideration. The opinion in that case expressly distinguishes it from the case which we now have before us. In discussing the matter that court used the following language: "Nor is this the case of a will where A and B join in the execution of what is, in form, a joint will, but which only disposes of property of which A is the sole owner—as shown by evidence *aliunde* the will. Such an instrument has been sustained as the several will of A; B, having nothing on which the will could operate, being held to be a mere cipher in the transaction: *Rogers et al., appellants,* 11 Mo. 303." It is conceded in the case which we are considering that the land in question was the sole property of Christian Hansen, and that Mrs. Hansen had no property of her own at that time, and had no interest in the land in question except that she occupied it with her husband as their homestead. This will then, though joint in form, is in substance only the will of Christian Hansen, and as such was undoubtedly rightly probated as his will.

2. Does the will give Mrs. Hansen the fee title in the land in question or only a life estate? Our statute provides: "Every devise of land, in any will hereafter made, shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear, by the will, that the devisor intended to

convey a less estate." Comp. St. 1909, ch. 23, sec. 124. This provision appears to have been treated by some authorities as bearing upon the question herein discussed, although there is no question raised as to the estate that the will disposed of, it being considered by all parties that it disposes of the whole interest in the land, the question disputed being to whom the disposition was made, whether in fee to the wife or only a life estate to her and the remainder to the children. In *Bills v. Bills*, 80 Ia. 269, the first clause of the will was: "I give and bequeath to my wife, Irene Bills, all of my real and personal property situated in Jones county, Iowa, except as hereinafter specified," and the fifth clause was: "All the real and personal property herein bequeathed to my wife, Irene Bills, remaining at her decease, I desire to be divided into five equal shares, to Daniel B. Bills and Abigail E. Diviney, and remaining shares to my brothers' two sons, Frank E. Bills and Frederick A. Bills, and Sanford H. Brownell. All of which said several legacies or sums of money I direct and order to be paid to said respective legatees within one year after my decease; and I hereby appoint as my executors of this, my last will and testament, my wife, Irene Bills, and John Bender, of Jones county, Iowa, hereby releasing them from giving bonds, and hereby revoking all former wills by me made,"—and it was held that "the wife takes a fee simple in the realty, and the absolute property in the personalty, the latter clause being merely precatory." The language used in the will in that case was essentially the same as that used in the will under consideration, except the positive direction in the latter that the share of a deceased child shall go to his "issue and descendants," and "shall be passed to such descendants in equal proportions." In this particular the case is to be distinguished from the Iowa case, since in that case it is directed and ordered that the special legacies given to various persons by the second, third and fourth provisions of the will should be paid to them respectively within one year after the decease of the

testator, but there is no such provision as to the residue which he "desired" should be divided as specified in the fifth clause.

We should have found difficulty in supporting the decision of the trial court if it were not for the fact that in no other way can we give any force or effect to the will whatever. The land in question was the homestead of the testator and his wife, and under the statute, in the absence of any will, would have descended to the widow for life, and after her death to the children. We will not presume that the testator intended by his will to dispose of the property precisely as the statute would have disposed of it in the absence of a will. Having in mind that there might be such change in existing conditions as to make it necessary that his wife should dispose of the property, he left it with her to determine whether in the light of subsequent events the property should be equally divided among the children after her decease. The evidence in · this case tends to show that he was wise in so doing.

We think that upon the whole record in this case the true construction of the will is that it devised this property to Mrs. Hansen in fee simple, and the judgment of the district court is therefore

AFFIRMED.