WILLIAM O. SCHRICKER, LORENZO SCHRICKER, JOHN
SCHRICKER, OTTO SCHRICKER and EMMA FELGER,
Legatees under the will of. JOHN G. SCHRICKER, De-
ceased, Appellants, v. GEORGE SCHRICKER and WIL-
LIAM BAUROSE, Heirs of BABETTA SCHRICKER, De-
ceased, and HENRY C. STRUCK, Administrator of the
estate of BABETTA SCHRICKER, Deceased, Appellees.

**Wills:** CONSTRUCTION: TITLE IN FEE. A will bequeathing to the
wife all of testator's property, to be used by her during her life
the same as testator might do if living, and empowering her to
sell, exchange, invest and reinvest the same and to distribute it
among testator's children at any time during her life, with the
further provision that if any part of the estate remained undis-
posed of at her death it should be divided among certain children,
invested the widow with the fee title, and upon her death the
remaining estate went to her heirs.

*Appeal from Scott District Court.*—HON. JAS. W. BOL-
LINGER, Judge.

FRIDAY, MAY 12, 1911.

JOHN G. SCHRICKER died testate October 24, 1904.
His will was admitted to probate, and, after satisfying
his debts and paying two legacies of $1 each, either left
the remainder of the estate to his wife, Babetta, absolutely,
or the use thereof during life, with' the power of aliena-
tion annexed.    She received the property, and died, pos-
sessed of a large part thereof, August 7, 1907.    Her ad-
ministrator filed his report, disclosing a large amount of
money and notes and mortgages on hand, and praying
for an order directing to whom the estate should be dis-
tributed, whether to the heirs of Babetta Schricker, or to

the persons named in the fifth clause of the will of John G. Schricker. The court directed the property to be distributed to the heirs of Mrs. Schricker, and the parties named in said clause, William O., Lorenzo, John, and Otto Schricker, and Emma Felger, appeal. *Affirmed.*

*Henry Vollmer,* for appellants.

*J. A. Hanley,* for appellees.

LADD, J.—Did the widow, Babetta Schricker, become the owner of the estate of her husband, John G. Schricker, after his debts were satisfied and two legacies of $1 each had been paid, or did she acquire the use thereof during life only, with the power of alienation annexed? This is the sole inquiry presented on this appeal, and its solution depends on the interpretation to be given the fourth and fifth clauses of John G. Schricker's will, reading as follows:

Fourth. I give, devise and bequeath to my beloved wife, Babetta Schricker, all my estate, both real, personal and mixed, in whatsoever the same may consist or wheresoever the same may be situated at my decease, to be by her used and disposed of during her natural life precisely the same as I myself might do if I were living; and I give my said wife full power to sell, exchange, invest and re-invest the same in the same manner I might do if living, and to distribute the same by gift or otherwise among my children at any time during her life, as shall seem to her best and proper.

Fifth. If any of my said estate shall remain undisposed of by my said wife at the time of her decease, I give, devise and bequeath all such residue and remainder of my estate to be equally divided among the following children who shall be living at the death of my wife, and the issue of any child who may have then deceased, such issue taking the share to which said deceased child would be entitled if living: One-fifth thereof to William O.

Schricker.   One-fifth thereof to Lorenzo Schricker.   One-fifth thereof to John Schricker.   One-fifth thereof to Otto Schricker.   One-fifth thereof to Emma Felger.

. It was conceded that all the personalty in the hands of the administrator of Mrs. Schricker's estate was derived from the estate of her husband under the fourth clause of the will, and that, aside from the persons named in the fifth clause, she left surviving her a son, George Schricker, and a grandson, William Baurose.   The controversy involves the right of last-named persons to share in the estate.   It will be noted that the gift is of the property of deceased, of every nature and kind, and not the use of the property merely, and what follows purports to confer upon her that full control over it an owner might exercise.   True, the time she is to do this is during her natural life; but this in no manner impairs the complete title passed to her absolutely under the first sentence, for she could not well use or dispose of, sell or exchange, invest or reinvest, at any other time.   The case is readily distinguishable from *Pool v. Napier,* 145 Iowa, 699, on which appellant relies, for there the gift was "of the use and benefit" of the property—not, as here, of the property itself.   In that case the appellants conceded that had the gift been of the property, rather than "the use and benefit" thereof, it would have been absolute.   In *Podaril v. Clark,* 118 Iowa, 264, the testator did "convey unto my wife . . . all my right, title and interest in all of my property, both real and personal, for her natural life," and this was construed, in connection with other clauses of the will as devising a life estate only though by a divided court.   In *Luckey v. McCray,* 125 Iowa, 691, a will in essential particulars precisely like that under consideration was held to pass absolute title to the wife.   The decision is on "all fours" with this case, and must be regarded as ruling it.   No useful purpose will be served for repeating the arguments *pro* and *con* to be found in

*Meyer v. Weiler,* 121 Iowa, 51; *In re Weien,* 139 Iowa, 657, and other decisions of this court.

As under the fourth clause the gift was absolute, the fifth clause was precatory only, *Law v. Douglass,* 107 Iowa, 606, and the court rightly directed the distribution of the estate to the heirs of Babetta Schricker. *Affirmed.*

WEAVER, J., dissents.