HENRY M. RICHARDS, et al. Appellees, v. MARY JANE
RICHARDS, Appellant.

**Wills:** CONSTRUCTION: LIFE ESTATE. In the construction of a will
  the testator's intent as gathered from the instrument will pre-
  vail over any arbitrary or technical rule of construction, regard-
  less of the form of the instrument or the order in which the
  devises are made. In the instant case the devise to the wife
  having been made subject to the limitations and requirements
  thereinafter expressed, the later provisions are not regarded as
  precatory, and she is held to take a life estate only, with the
  remainder to testator's children in accordance with subsequent
  provisions.

*Appeal from Decatur District Court.*—HON. THOS. L.
MAXWELL, Judge.

THURSDAY, MAY 16, 1912.

THIS is a proceeding for the construction of the will
of Windsor Richards, deceased. It is claimed that the will
gave his widow, Elizabeth, also deceased, an estate in fee
of all his real estate and all his personal property abso-
lutely. Plaintiffs and defendants are the only heirs at
law of Elizabeth Richards who died intestate January 4,
1911; but defendant Mary Richards claims that she is
entitled to $2,000, either in cash or property, in addition
to her share of the estate as heir of the deceased, or under
the will of Windsor Richards. The trial court held that
the widow took testator's entire estate, and that the devise to
Mary was void and of no effect. Mary Jane Richards
appeals.—*Reversed* and *remanded.*

*John W. Harvey & Son* and *S. A. Burgess* for appel-
lant.

*V. R. McGinnis* for appellees.

DEEMER, J.—The will which is before us for construction reads as follows:

First. It is my will and desire that all my just debts be paid as soon after my decease as possible.

Second. Subject to the limitations and requirements hereinafter expressed I give, devise and bequeath to my faithful and beloved wife, Elizabeth Richards, all my property, both personal, real estate and mixed, wheresoever situated, to have, to hold and to dispose of as her wants may require or her desires dictate. My desire and wish being that she shall have as full and complete control over said property as I now have; provided, however, that our dear daughter, Mary Jane Richards, is to have her support as long as she remains single and makes her home with my said wife.

Third. On the death of my said wife, it is my desire and wish that the sum of $2,000.00 if so much remain, descend upon my dutiful daughter, Mary Jane Richards, the same to be taken in cash or other property as she may desire.

Fourth. After paying or setting off the share mentioned in paragraph third last above, the remainder of my property descended to my said wife from me, if any there be, to be divided equally among my then living children, who now are, Malinda Ellen Lyle, Ida Amelia Habicorn, Mary Jane Richards, Elizabeth Spargur, Belle Ewing and Henry M. Richards. In the event of the death of any of my said children before the death of their mother, my wife, their share is to descend to the heirs of his or her body, if such heir or heirs he or she may have, if none such heir or heirs then said share to ascend to my other children or the heirs of their bodies. Having given the children of my son, Henry M. Richards, and my daughter, Ida Amelia Habicorn, not a little money, the provisions made in this will is not to extend to them, but the share that would otherwise have gone to them, is to go to my other children or the heirs of their bodies and in the proportion hereinbefore directed.

The trial court found: That said will, by paragraph

2 thereof, gives and bequeaths to the said Elizabeth Richards all of the property of the said Windsor Richards absolutely, and gives, bequeaths, and confers upon her an absolute estate in fee simple in and to all of said property of the said Winsdor Richards and that none of the plaintiffs or defendants in this action have any right, title, or inter-est in and to said property, except by inheritance through the said Elizabeth Richards, as her descendants, children, and heir at law. That the third and fourth provisions of said will are mere precatory expressions, and words re-pugnant to said paragraph 2, and are therefore void and of no force and effect.

This ruling is challenged; and it is argued that the will should be so construed as to give the widow but a life estate in testator's property, and the remainder to the other devisees and legatees mentioned in the third and fourth paragraphs. Upon no subject, perhaps, are the cases in so much confusion as on the one here presented; and it must be admitted that precedents may be found in sup-port of either view, not only here at home, but in other jurisdictions. The whole matter has been reviewed in many decisions, and it is useless to argue the matter fur-ther. The views of the writer of this opinion with refer-ence thereto are well understood; but he has never been able to convince the majority of the soundness thereof. If there be any rule at present, it is that testator's intent, as gathered from the will, will prevail over any arbitrary or technical rules of construction; and that, no matter what the form of the will or the order in which the devises are given, testator's intent must prevail. Perhaps this statement is a little too broad, and it might be well for the majority to state their own views; but such is the rule as the writer now understands it. However this may be, the majority are of opinion that the case is ruled by *Iimas v. Neidt,* 101 Iowa, 348; *Flynn v. Holman,* 119 Iowa, 731; *Wheeler v. Long,* 128 Iowa, 643; *In re Proc-tor's Estate,* 95 Iowa, 172; *Stivers v. Gardner,* 88 Iowa,

307; *Pool v. Napier,* 145 Iowa, 699; *Jordan v. Woodin,* 93 Iowa, 453; *Steiff v. Seibert,* 128 Iowa, 746; *Kierulff v. Harlan,* 150 Iowa, 671; *Spaan v. Anderson,* 115 Iowa, 121; *Archer v. Barnes,* 149 Iowa, 658; *Baldwin v. Morford,* 117 Iowa, 72, and other like cases.

Their chief reliance is upon *Pool v. Napier,* 145 Iowa, 699; and it must be conceded that this case is a strong one in support of the view that the widow took but a life estate. The writer is of the opinion that, but for the statement in the second paragraph of the will that the devise was subject to the limitations and requirements thereinafter expressed, the case would fall squarely within the rule announced in *Ironside v. Ironside,* 150 Iowa, 628; *Schricker v. Schricker,* 151 Iowa, 309; *Riechauer v. Born,* 151 Iowa, 456; *Meyer v. Weiler,* 121 Iowa, 55, and cases therein cited, among which is the leading case of *Law v. Douglass,* 107 Iowa, 606.

It will be noticed that the third paragraph of the will is not in the form of a devise or bequest, but merely expresses a desire and wish. Such words have universally been held precatory. Gardner on Wills, page 33; Page on Wills, sections 46 and 59. And the general rule is that, where an absolute estate is given in terms, precatory words which follow are treated as expressions of a wish, rather than of a will. Gardner on Wills, page 538, and cases cited; *Bills v. Bills,* 80 Iowa, 271.

Of course, such words may be regarded as testamentary or dispositive in character, or as creating a trust in the first taker; but the intent to so use them must be clear and unambiguous. If the testator meant by the words used to control the disposition of his property, then the general rule is to construe them as dispositive. But, where used following an absolute devise, they are almost universally held to be precatory, in order to avoid the claim of repugnancy. See *Bills v. Bills, supra,* and cases therein cited.

It is not necessary to consider whether the words create a trust under the rule laid down in Gardner on Wills, pages 536, 537, and 538; for no claim of that kind is made. I am disposed to think that the third paragraph of the will is precatory in character, and does not create an estate, or amount to an absolute bequest to Mary Jane Richards.

As to the fourth paragraph, it will be noticed that it says "the remainder of my property descended to my said wife from me, if any there be." To my mind, this indicates an absolute disposition of the property to the wife; and the limitation contained in the fourth paragraph is void for repugnancy. The beneficiaries under this fourth paragraph take the property from the wife, for the testator declares that all of it descended to his wife, and this must have been because of the will; for she could not otherwise have taken it all.

In *Law v. Douglass, supra,* we said:

There are some things, however, which even a testator may not do, and which the courts are powerless to aid him in doing, however clearly his intentions may be expressed. He can not create a fee, with absolute power of disposal, and at the same time clog that power of alienation by limitations over to another. In other words, he can not include provisions which are absolutely inconsistent in terms and meaning, and have all given force and effect. . .. . It appears that no rule is better settled in the law than the first taker under a will, with full power to dispose thereof, must be considered the absolute owner, and limitations over held void for repugnancy.

Under these rules, so well established by authority, I would unhesitatingly vote to affirm the judgment of the court below. My only doubt is the effect to be given the introductory clause of the second paragraph of the will. What the limitations and requirements "hereinafter expressed?" Clearly enough they apply to the provisions for the daughter, Mary Jane, so long as she remained

single and made her home with her mother. The majority think they also apply to the third and fourth paragraphs, and convert the words "desire and wish" into dispositive words, and the fourth paragraph as the devise of the remainder of the testator's estate, after giving a life estate to his wife, directly to the devisees therein named.

I recognize the force of this contention, and, if we are to abandon all technical rules for the construction of wills would be disposed to agree with it. But I am not ready to abandon these rules, and am disposed now to say that the limitations referred to are applicable to the second paragraph alone; but that, if applicable to the entire will, they should not be so construed as to change the law applicable to precatory words, or to give an estate which ordinarily would not pass, save for some such expressions. It may be that, but for the rule announced in *Bills·v. Bills, supra,* the words, "desire and wish," used in the third paragraph of the will, should be considered as something more than precatory, because of the provision in the fourth paragraph that this share should first be set off, etc.; but, even if that be accepted as true doctrine, we are then confronted with the rule announced in *Law v. Douglass, supra,* hitherto-quoted.

Again the limitations referred to do not, of course add anything to the estate actually devised by the fourth paragraph. That devise was not, to my mind, of a remainder left after a life estate to the wife, but an attempt to control the devolution of a title which was given to the wife absolutely. The testator did not understand that he was making a present devise to the beneficiaries named in this fourth paragraph. He simply said that after the death of his wife and the payment or setting off of the share mentioned in the third paragraph that the remainder of the property which descended (passed) to the wife from him, if there be any, should be divided, etc. This, it seems to me, was not a present devise to them, but an attempt

to control the property after an absolute devise to the wife. Nothing can be gained from further argument.

The majority are of opinion that the widow took a life estate only; that there was a devise of $2,000, either in money or property, of the remainder to Mary Jane Richards, and a devise or bequest of the balance of the remainder to the beneficiaries named in the fourth paragraph. This conclusion is bottomed not only upon previous cases to which reference has been made, but upon the introductory clause of the second paragraph of the will, making the entire will subject to the limitations and requirements therein expressed. The minority are of a contrary opinion, for the reasons already stated.

It follows that the decree must be reversed, and the cause remanded for one in harmony with this opinion.— *Reversed* and *remanded*.

Ladd, J., concurs in the result.