Walters, J.
This court is called upon to construe the following bequest or devise contained in the will of John Pancake, Sr., which was executed the 14th day of September, 1834:
“I give and bequeath unto my youngest children Jane and Harvey two-thirds of all my lands in the bottom, that is to say, the home place, the Mounts place, the Switzer place and the Hultz place; two-thirds of all of which for thefh to be laid off of the upper side adjoining John Foster and Joseph Foster so that the two-thirds of all shall be in one *116 body; also two-thirds of the Bowyer farm adjoining'Joseph Foster’s land, all of which real estate I give and 'bequeath unto the said Jane and Harvey unto them and their children, which real estate I design for their use, not to be disposed of by sale, neither by them nor their immediate children; in case either of the above children should die then the other to possess the whole.”
The devisees, Jane and Harvey, at the time the will was executed were respectively nine and seven years of age. After they grew up they amicably divided this land between them, and Harvey conveyed the piece described in the petition to Edward B. Hatfield.
The question for us to determine under this item of the will is: What estate did Harvey take under the provisions of this item?
It will be noticed that the testator bequeaths or devises to Jane and Harvey two-thirds of all of the lands referred to in this item. In other words, if nothing further was said by the testator, Jane and Harvey would take an absolute fee simple title in the estate. But the testator, in the same item, after describing the lands, adds the following:
“* * * all of which real estate I give and bequeath unto the said Jane and Harvey unto them and their children, which real estate I design for their use, not to be disposed of by sale, neither by them nor their immediate children; in case either of the above .children should die then the other to possess the whole.” .
Here we have a* devise giving to Jane and Harvey an absolute fee simple estate and then an attempt to limit and qualify that estate by the lan *117 guage just above quoted. There arises, therefore, in this item of the will, a repugnancy, and the court must reject one and sustain the other provision or declare the will void for uncertainty.
A remainder can not be engrafted upon a fee. The true reason of this rule is not because the law will not permit it, but because the thing is impossible. I can not give the whole of my estate to one and part of it to another. John Pancake, Sr., could not give the whole of this estate to Jane and Harvey in fee simple, and then say that they should have only a life estate, or that they were tenants in common with their children — for the same reason that he could not give a square circle, or give nothing — because it involves an uncertainty.
Conflicting provisions in a will should be reconciled so as to conform to the manifest general intent, and it is only in cases where such provisions are wholly and absolutely repugnant that either of them should be rejected. In this case there is an absolute repugnancy. The testator could not give them a fee simple and a life estate at the same time and by the same instrument. The language in that clause which forbids alienation is absolutely void.
In Anderson v. Cary et al., 36 Ohio St., 506, the syllabus reads:
“Lands were devised as follows: I give and bequeath the farm on which I now live, of. 285 acres, to my two sons, Thomas and Lincoln, upon the following conditions: 1. I direct that they, the said sons, shall not be allowed to sell and dispose of said farm until .the expiration of ten years from the time my son, Charles Lincoln, arrives at full age, except to one another, nor shall either of my *118 said sons have authority to mortgage or incumber said farm in any manner whatsoever, except in the sale to one another as aforesaid. Held,
“1. The devisees took a vested estate in fee simple.
“2. A violation of the so-called conditions did not work a forfeiture of the estate devised.
“3. The restraint attempted to be imposed on the power of the devisees to alien or incumber the estate was void, as repugnant to the devise and contrary to public policy.
“4. The estate of the devisees was not converted into a trust, by reason of a gift, in the same will, to the widow of the testator, of the one-third of the rents and profits of same lands.”
Section 10580, General Code, provides:
“Every devise in a will of lands, tenements, or hereditaments, shall convey all of the estate of the devisor therein, which he could lawfully devise, unless it clearly appears by the will that the devisor intended to convey a less estate.”
This section was in force at the time this will was made in 1834.
We have examined a large number of cases where testators have made conflicting, inconsistent and repugnant provisions in wills, and while there are a few cases, chiefly the case of Smith v. Bell, 6 Peters, 68, in which Chief Justice Marshall delivered the opinion, where it is held that the limitation of the fee is legal, yet the supreme court, in Potter v. Couch, 35 Law. Ed., 721 (141 U. S. 296), distinguishes that case in the fifth proposition of the syllabus, where it is said:
*119 “In a devise of land in fée simple, a condition against all alienation is void, because repugnant to the estate devised; for the same reason, a limitation over, in case the first devisee shall alien, is equally void, whether the estate be legal or equitable.”
All modern cases hold the rule to be that where an estate or interest in land is devised, or personalty is bequeathed, in clear and absolute language, without words of limitation, the devise or bequest can not be defeated or limited by a subsequent doubtful provision inferentially raising a limitation upon the prior devise or bequest. When there is an .absolute or unlimited devise or bequest of property, a subsequent clause, expressing a wish, desire or direction for its disposition after the death of the devisee or legatee, will not defeat the devise or bequest or limit the estate or interest in the property to the right to possess and use during the life of the devisee or legatee. The absolute devise or bequest stands and the other clause is to be regarded as presenting precatory language. The will must 'be interpreted to invest in the devisee or legatee the fee simple title of the land and the absolute property in the subject of the bequest. Williams v. Allison, 33 Iowa, 278; Benkert v. Jacoby, 36 Iowa, 273; Rona v. Meier, 47 Iowa, 607; Alden v. Johnson, 63 Iowa, 124, 18 N. W. Rep., 696; In re Will of Burbank, 69 Iowa, 378, 28 N. W. Rep., 648; McKenzie’s Appeal, 41 Conn., 607; Jackson, ex dem., v. Bull, 10 Johns., 19; Mitchell v. Morse, 77 Me., 423, 1 Atl. Rep., 141; Ramsdell v. Ramsdell, 21 Me., 288; Jones v. Bacon, 68 Me., 34; Harris v. Knapp, 21 Pick., 412; Lynde v. Estabrook, 7 Allen, *120 68; Fiske v. Cobb, 6 Gray, 144; Gifford v. Choate, 100 Mass., 343; Williams v. Worthington, 49 Md., 572; Foose v. Whitmore, 82 N. Y., 405; Campbell v. Beaumont, 91 N. Y., 464; Stowell v. Hastings, 59 Vt., 494, 8 Atl. Rep., 738; Seibert v. Wise, 70 Pa. St., 147; Moore v. Sanders, 15 S. C., 440; Canedy v. Jones, 19 S. C., 297, and Anderson v. Cary, 36 Ohio St., 506.
In Bills v. Bills, 45 N. W. Rep., 748 (80 Iowa, 269), the syllabus is as follows:
“Where a testator devises all his personal and real property to his wife, except as thereafter provided in his will, and in a subsequent clause states that it' is his 'desire’ that what remains at her decease shall be divided between named persons, the wife takes a fee-simple in the realty, and the absolute property in the personalty, the latter clause being merely precatory.”
In Snodgrass v. Brandenburg, 164 Ind., 59 (72 N. E. Rep., 1030), the court uses this language at page 69:
“If, upon an examination of a will, a court concludes that it was the purpose of the testator to make a grant, and that he attempted, by subsequent language, to create a legal estate in derogation of the grant, that is the end of the discussion, for a testator must effectuate his intent within the rules of law. The rule that we have invoked does not apply to such cases; it is one of construction, and is wholly consistent with the proposition that the court will explore the four corners of the instrument to bring out its meaning; but, if it is found that one clause, standing alone, clearly evinces a purpose to create a certain interest, and the sub *121 sequent language merely operates to create a doubt about the testator’s intent in that particular, the latter words will be disregarded.”
In Stowell et al. v. Stowell, 8 Atl. Rep., 738 (59 Vt., 494), the first proposition of the syllabus is:
“A testator devised the residue of his estate to his wife ‘for her benefit and support, to use and dispose of as she may think proper,’ and then provided that ‘if any of the estate should be left in my wife’s possession at her death,’ that the same be divided between his brothers and sisters. Held, that the wife took an absolute estate, and that the remainder over was void for repugnancy.”
In Alden v. Johnson, 18 N. W. Rep., 696 (63 Iowa, 124), the first proposition of the syllabus is as follows:
“Where property is devised in fee-simple to a widow, and words are added directing the disposition of what remains at her death, such words, if precatory, do not affect her title, and, if intended to impose a condition, are void, as Repugnant thereto.”
In the opinion the court says, at page 697:
“If they [the words of the will] be regarded as imposing a condition or limitation to the effect that she shall take less than the unqualified and absolute interest and title in the property, they are repugnant to prior language of the instrument devising to her the fee-simple title in the land, and an unqualified right to the personal property, and are therefore void.”
See also Widows’ Home v. Lippardt, 70 Ohio St., 261, and Darlington v. Compton, 20 C. C., 242. In Mitchell v. Morse, 1 Atl. Rep., 141 (77 Me., 423), the syllabus is:
*122 “A devise to M., without words of limitation, remainder over in case of M.’s death, vests an estate in fee-simple in M., and the devise over is void.”
In Jackson v. Robins, 16 Johns., 537, the court in the syllabus sáys:
“Where A. devises all his real and personal estate to his wife, and in case of her death, without giving, &c. by will, or otherwise selling or assigning the said estate, then he devises the same to his daughter D.; * * * [the wife] takes the entire fee simple, both by force of the word estate, and of the absolute power given by the will, and the subsequent limitation, being repugnant thereto, is void, either as a remainder, * * * or as an executory devise, * * * in either case, it is void. Where there is a devise for life, in express terms, a power of disposal annexed, does not enlarge it to a fee; but where to a general devise, without any specification of the quantity of interest, an absolute power of disposal is annexed, the devisee takes a fee.”
In the opinion the court says, at page 588:
“We may lay it down as an incontrovertible rule, that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee; and the only exception to the rule is, where the testator gives to the first taker an estate for life only. * * *
“When he [the testator] attempted to ingraft an executory devise or limitation over, upon a fee * * * he did what was incompatible with his other and principal intention, and which the courts must, of necessity, reject as repugnant and void.”
In the syllabus of McKenzie’s Appeal, 41 Conn., 607, the court holds:
*123 “A testator gave his widow certain personal estate and provided that if any remained at her decease it should be equally divided among his children. Held that*an absolute power of disposal was given to the widow and that the gift over was inconsistent with this power and therefore void.”
In the opinion in the same case, at page 156, the court cites the case of Jackson, ex dem. Brewster, v. Bull, 10 Johns., 19, and says the language of the testator was: “In case my son should die without lawful issue, the said property he dies possessed of, I will,” etc.
The words were held to imply a power of alienation by the devisee and consequently an absolute ownership repugnant to the limitation and destructive of it.
In Harris v. Knapp, 21 Pick., 412, it is said at page 416:
“The words ‘whatever shall remain’, necessarily mean that portion. of the property bequeathed, which shall be undisposed of at her decease; * * * and therefore the implication is inevitable, that she had a power to make such disposition. This is inconsistent with the supposition, that the whole was to remain undiminished in the hands of the executor, or other trustee, for the purpose of satisfying the gift over.”
In Flinn v. Davis et al., 18 Ala., 132, the third proposition of the syllabus reads:
“When by the terms of a will the first devisee is given the absolute right to dispose of the property, a limitation over of so much as he may leave undisposed of at his death, is void for repugnancy.”
*124 In the will of John Pancake, Sr., he makes two devises of the same • property: “I give and bequeath unto my youngest children Jane and Harvey two-thirds of all my lands in the bottom, * * * all of which real estate I give and bequeath unto the said Jane and Harvey unto them and their children.” It would seem clear that by the first devise he had given a fee simple estate to Jane and Harvey, and then afterwards had attempted to waive or limit the estate he had previously given them in fee simple.
It would seem that the testator’s will in this case was drawn by a person who was unskilled in the use of language and that what the testator. meant by the qualifying provision in item two was simply a request or wish or design, which last word he uses, that this land devised to Jane and Harvey should not be disposed of by them or their children, and the language is in the nature of a precatory declaration. The last clause, providing that if either of the above children should die then the other to possess the whole, it seems would give to the survivor a fee simple, as it certainly would after the elimination of the alienation clause, and if the one so dying had children they would be cut out. There is no life estate created by the language used in this item and it is uncertain what construction was meant by the language “to them and their children.”
The conclusion is that Jane and Harvey took a fee simple estate.

Judgment affirmed.

Sayre and Merriman, JJ., concur.