FRANCES ELIZABETH PAXTON v. A. C. PAXTON ET AL., Appellants.

**Wills**: CONSTRUCTION : ESTATE DEVISED : POWER OF SALE.　A will devising to the wife of testator all his property "to be used by her and enjoyed as she may choose during her natural life, and at her death if any property is remaining to be divided equally among my children," does not pass to the widow a fee simple title to the real property; although her power of sale is such as to cut off the interest of the children therein.

*Appeal from Tama District Court.*—HON. C. B. BRAD-SHAW, Judge.

TUESDAY, JANUARY 26, 1909.

ACTION in equity to secure the construction of the provisions of a will. There was a decree in favor of plaintiff, and defendants appeal.—*Reversed.*

*Willett & Willett,* for appellants.

*J. R. Caldwell* and *D. G. Baker,* for appellee.

McCLAIN, J.—Plaintiff is the widow of Thomas Paxton, who in March, 1899, died testate, seised in fee simple of certain real estate, and the defendants are testator's children. Plaintiff alleges that, under the provisions of testator's will, which has been duly probated, she is either the absolute and unconditional owner in fee simple of the real estate of which testator died seised, or is entitled to a life estate therein, with the right of unlimited power of disposition and alienation in addition thereto, and that it is desirable to have an interpretation placed upon the

will defining the rights and interests of plaintiff in said real estate, in order that the same may be advantageously sold by plaintiff for its actual cash market value, and further that it is necessary to sell said real estate in order that the desire and intention of the testator may be fully carried out, and that said estate may be used and enjoyed as plaintiff may choose in accordance with the provisions of said will. The defendants allege, in substance, that plaintiff's interest in the real property of testator under his will is a life estate only, the remainder being devised under the provisions of said will to the defendants as children of testator. The trial court held that the devise of the real estate to the plaintiff should be construed as in fee simple; no interest whatever vesting in the defendants or remaining undisposed of under said will.

The language of the will, so far as it is involved in this controversy, is as follows: "First I give, devise and bequeath unto my beloved wife, Frances Elizabeth Paxton, all my property real and personal of any name or nature to be by her used and enjoyed, as she may choose during her natural life and at her death if any property is remaining to be divided equally among my children, and I hereby appoint the said Frances Elizabeth Paxton the sole executrix of this my last will and testament to act as such executrix without bonds." The devise to plaintiff with the right to use and enjoy, so far as it is to be applied to real property, does not necessarily vest in her a fee-simple estate. Such language is as consistent with an estate for life as it is with an estate in fee-simple. *Haviland v. Haviland,* 130 Iowa, 611. If the words "during her natural life" had immediately followed the words "to be by her used and enjoyed," there would be no doubt as to the intention of the testator to vest only a life estate in the widow. We do not think that the interposition of the words "as she may choose" affects this natural construction of the language used. If the words "during her natural

life" are to be construed as descriptive of the choice which she may exercise, and not of the estate with which she is vested, they are deprived of any meaning whatever in reaching testator's intention; and it is fundamental that, if practicable, all the language used shall be so construed as that each portion shall have some force and meaning. This is not a case in which, following an absolute devise, there are other clauses of the will contemplating a subsequent distribution of the same property to other devisees. The limitation is in the very clause describing the nature and extent of the interest devised; and, as thus read, there is no expression of any intention to vest a fee-simple estate in the wife. *In re Proctor's Estate,* 95 Iowa, 172. It is to be noticed, also, that the language does not expressly include, as descriptive of the nature of the widow's right, a power to dispose of the property as her own, or for her own use and benefit. The case is thus distinguished from the cases of *Simpkins v. Bales,* 123 Iowa, 62, and *In re Burbank's Will,* 69 Iowa, 378. Therefore we think that the trial court erred in construing the will as vesting a fee-simple estate in the plaintiff. But as plaintiff asked that the will be construed either as vesting in her a fee-simple estate, or an estate for life, with unlimited power of disposal, and the defendants insisted that plaintiff's interest was a life estate only, we must further determine whether plaintiff has a right to sell and convey a good title in fee simple.

A devise which passes only a life estate may nevertheless be coupled with a provision giving the devisee unlimited power of disposal. The devise in remainder vests at once in the devisees thereof a fee-simple title to whatever may remain undisposed of under this power, subject only to the life estate of the first devisee. *Steiff v. Seibert,* 128 Iowa, 746; *Podaril v. Clark,* 118 Iowa, 264; *Spaan v. Anderson,* 115 Iowa, 121; *In re Stumpenhousen's Estate,* 108 Iowa, 555; *Haviland v. Haviland,* 130 Iowa,

611; *In re Proctor's Estate,* 95 Iowa, 172. The language of this will does not expressly confer upon plaintiff the power to dispose of the real estate, but it does indicate that such real estate may be disposed of during her lifetime, and that only such portion as shall remain undisposed of at her death is to pass to the defendants. The necessary implication from the language used is that the real estate, or any portion thereof, may be sold, and the title thereto conveyed in such way as to cut off any interest of the defendants in the property. This has been expressly held in the case of *Webb v. Webb,* 130 Iowa, 457, where the language of the will authorized the widow, as devisee, "to have and to hold" the property described "during her life, and at her death, whatever remains to be divided equally between" testator's children; and the court said: "This, of course, gave the widow implied power of disposition during her life, but it also limited her estate (in the property) to one for life." While we arrive at a construction of the language of the will different from that announced by the trial court, the result is nevertheless that plaintiff's right to sell, which she asked to have determined, is sustained, and the decree, so far as it establishes such right, is affirmed; but so far as the decree vests absolute fee-simple title in plaintiff, it is reversed, and the case is remanded for a decree in harmony with this opinion.—*Reversed.*