## In re DORGAN'S ESTATE.

(District Court, S. D. Iowa, Davenport Division. July 1, 1916.)

1. WILLS ☞634(4)—CONSTRUCTION—INTEREST DEVISED—"USE"—"FULL POWER TO SELL AND CONVEY."

A will giving the residue of his estate to testator's wife for life, with "full power to use the same * * * as she may see fit," and after her death to nieces and nephews, "all of the proceeds * * * left after death of my wife" vested at once in the remaindermen a fee simple title to whatever might remain undisposed of under the widow's power, subject only to her life estate, since the word "use" does not signify the broad power of disposal for other purposes than her own use, nor does the grant of "full power to sell and convey" signify more than that the testator wanted to leave her unhampered in the handling of the estate to her use.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1492; Dec. Dig. ☞634(4).

For other definitions, see Words and Phrases, First and Second Series, Use.]

2. BANKRUPTCY ☞143(9)—PROPERTY VESTING IN TRUSTEE—REMAINDERS.

The interest of a nephew under such will passed to his trustee in bankruptcy as a vested remainder; it being a property right, although subject to be entirely defeated.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 223; Dec. Dig. ☞143(9).]

In Bankruptcy. In the matter of the estate of Edmund J. Dorgan, bankrupt. Upon questions certified by the referee. Interest of bankrupt determined.

M. V. Gannon, of Davenport, Iowa, for bankrupt.
E. M. Sharon, of Davenport, Iowa, for one objector.

WADE, District Judge. Upon questions certified by the referee, it is necessary to construe the will of John Kelly, deceased, in order to determine whether Edmund J. Dorgan has any interest in said estate which passes to his trustee in bankruptcy.

[1] The portion of the will in controversy is as follows:

"As to all the rest and residue of my property, of whatever kind of which I may die seized, I give and devise the same to my beloved wife, Mary Kelly, for and during the period of her natural life, and give her full power to use the same without let or hindrance as she may see fit, giving and granting to my said wife, full power to sell and convey any real estate left by me, and to give proper deeds and conveyances for the same.

"After the death of my wife, I hereby give, devise and bequeath to my nieces and nephews, as follows, [naming them, including the bankrupt,] all of the proceeds of my estate left after death of my wife, and same to go to said last above named parties, who are my nieces and nephews, share and share alike."

The proof shows that the estate consists of moneys and credits and a small parcel of real estate. This will, being made in Iowa and affecting property located in Iowa, must be construed under the decisions of the Supreme Court of the state of Iowa. In view of the numerous expressions of the Supreme Court of Iowa upon similar language used in wills, there can be no question about the effect of the foregoing provisions.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The purpose of the testator clearly was that the estate should pass to his wife for her use and benefit during her lifetime, with the right to use, not only the income, but such portions of the principal as might be necessary for her proper support, maintenance, and comfort. It clearly was not the intention to grant her a fee-simple title in the real estate, or an absolute title in the personal property. All the language of the will must be given effect, and if testator intended that she was to be the absolute owner of the property he would not have made a devise of the portion remaining after her death; nor can it be assumed that the testator had any intention of vesting her with the property with the purpose or intent that she should dispose of the same during her lifetime, except for her own use and benefit.

He gave her "full power to use the same without let or hindrance as she may see fit." The word "use" does not signify the broad power of disposal for other purposes than her own use; nor does the grant of "full power to sell and convey any real estate left by me" signify more than that the testator wanted to have her unhampered in the handling of the estate to her use and benefit, so that she would get the fullest enjoyment therefrom, and it was clearly his intention that, if she deemed it advisable, she should have the power to dispose of the real estate and to convey title thereto. The language of the will is as broad as possible in conferring upon her absolute control for the purposes which the language of the will clearly indicates the testator had in mind.

The language of this will is no more effective than the language in the will in Paxton v. Paxton, 141 Iowa, 96, 119 N. W. 284, where the testator bequeathed unto his wife—

"all my property real and personal, of any name or nature, to be by her used and enjoyed as she may choose during her natural life, and at her death, if any property is remaining, to be divided equally among my children."

In this case the Supreme Court of Iowa held that the widow did not acquire a fee-simple title; that she only acquired the use; and, practically settling the question submitted in this case, the Court says:

"A devise which passes only a life estate may nevertheless be coupled with a provision giving the devisee unlimited power of disposal. *The devise in remainder vests at once in the devisees thereof a fee-simple title to whatever may remain undisposed of under this power*, subject only to the life estate of the first devisee."

In Hamilton v. Hamilton, 149 Iowa, 321, 128 N. W. 380, under a similar will, the court says:

"That a life estate may be created with power annexed authorizing the life tenant to defeat or extinguish the remainder over by sale and conveyance of the fee is too well settled in this state, and in most of the states, to admit of serious argument."

In this case it is further said:

"While the interest of the children in this property is not technically a 'contingent remainder,' it is nevertheless burdened from its very inception with the superior right of their father to diminish or extinguish it entirely, if, in the exercise of good faith, believing it necessary for his reasonable support and maintenance, he shall convey the fee. This gives him no license to sell the property and dispose of the proceeds merely to defeat the remaindermen."

The rule of these cases is further applied in Pool v. Napier, 145 Iowa, 699, 124 N. W. 755; Kierulff v. Harlan, 150 Iowa, 671, 130 N. W. 789; Ironside v. Ironside, 150 Iowa, 628, 130 N. W. 414; Brunk v. Brunk, 157 Iowa, 51, 137 N. W. 1065. Some of these cases are reviewed in note, 39 L. R. A. (N. S.) 807.

[2] Under the construction of the will made necessary by the foregoing authorities, the case comes within Pollack v. Meyer Bros., 233 Fed. 861, —— C. C. A. ——, in which the majority opinion holds that in a trust fund set apart for the support and maintenance of Mary Pollack, under which she had the use of the income and such portions of the principal as was reasonably necessary for her support and maintenance, the remainder going to certain persons, including the bankrupt, the interest of the bankrupt passed to the trustee. It will be observed that in Paxton v. Paxton, supra, the Supreme Court of Iowa says:

"The devise in remainder vests at once in the devisees thereof the fee-simple title to whatever may remain undisposed of."

There is no way of avoiding the conclusion that the interest of Edmund J. Dorgan, the bankrupt herein, in the estate of John Kelly, passes to the trustee in bankruptcy. Such interest is a property right —contingent, it is true, as to the amount and value thereof, and subject to be entirely defeated, but nevertheless a property right, the value of which may be in a way approximated by taking into account the age of the widow and the prospective necessities of her life. The trustee, or the purchaser from him, simply stands in the shoes of the bankrupt, receiving something, or possibly nothing, ultimately; but it is a right which should have a value, and, having a value, under the policy of the law, in case of bankruptcy, it passes to the trustee for the benefit of creditors. The whole policy of the Bankruptcy Act is that all nonexempt property of the bankrupt—and this must include all rights having a money value—shall be subjected to the payment of debts of the bankrupt. In consideration of this confiscation of his property, he is granted the privilege of exemption from the obligation to pay any debts he may owe which are not satisfied in the bankruptcy proceeding, and within the spirit of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544) this property right belongs to the creditors of the bankrupt.

As to the restraining order, none is necessary. The court has no jurisdiction of the executor. He is under the direction of the state court, and must be governed by the orders of that court; and the federal court should not put itself in a position where there is conflict between it and a state court, which first acquired jurisdiction.

So far as the widow is concerned, she can do nothing which will limit the rights of the bankrupt in the property, except in the exercise of her rights under the will, and there is no showing that she is wasting the property or minimizing it in any way which is not authorized.

As to the bankrupt, any action by him to conceal or dispose of assets which properly belong to the estate is a felony, and the restraint of the penal statute should be more effective than any order of court; besides, any person who should undertake to purchase or acquire the interest of the bankrupt would do so lis pendens, and would acquire no rights.