Argued July 11, affirmed July 31, 1917.

## HOLLISTER v. HOLLISTER.*

(166 Pac. 940.)

**Powers—What Law Governs—Execution.**

1. Where the donor of a power lived in New York, and trust property and trustee were located there, the law of such state governs in determining whether the power was validly executed, although donee lived, and attempted to exercise such power, in Oregon.

**Wills—Validity—What Law Governs.**

2. Ordinarily a will's validity is determined by the law of the testatrix's domicile.

[As to validity in another jurisdiction of election made with respect to will, see note in **Ann. Cas. 1914A, 446.**]

**Powers—Execution.**

3. At common law, the donee of a power must clearly manifest an intention to execute it, and where it is clear that the donee intended to execute it, and the transaction is susceptible of no other interpretation, then it is deemed executed.

**Statutes—Foreign Statutes—Necessity of Pleading.**

4. Where appellee's brief recites and relies upon New York statutes and decisions, and appellant admits they are correctly stated, the Supreme Court will consider them, where the rights of strangers are not involved, although such statutes and decisions were not pleaded.

*On the question as to what is a sufficient execution by will of a power of appointment, see comprehensive note in 64 **L. R. A.** 849.

REPORTER.

**Wills—Powers—Execution.**

5.  Under the New York law, a residuary clause in a will executes a power to dispose of personalty by will, especially as Laws N. Y. 1897, Chapter 417, Section 6, makes personalty embraced in a power to bequeath pass by a will purporting to pass all the personalty, unless a contrary intent is manifest.

From Coos: JOHN S. COKE, Judge.

Department 1.    Statement by MR. JUSTICE HARRIS.

William Henry Hollister died in January, 1912, in the State of New York, where he was domiciled, leaving a will which was admitted to probate on February 1, 1912, in the Surrogate's Court of the County and State of New York.    The testator bequeathed the sum of $40,000 to the Central Trust Company of New York City, in trust, to invest and to pay the net income to Philoclea A. Hollister, of North Bend, Oregon, during her lifetime and, upon her death, to pay the principal of the trust fund to such person or persons as Philoclea A. Hollister might direct by her last will and testament; and, in case she failed to make a will, the trustee was directed to pay the trust fund to the children of Philoclea A. Hollister.

Philoclea A. Hollister died in the City of North Bend, Oregon, where she was domiciled, on the 7th day of October, 1912, leaving a will dated July 15, 1912, by which she bequeathed $32,000 to her daughter Frances S. Furry; $2,000 to her son George Stanton Hollister; $1,000 to her grandson Frederick Bergman Hollister; $1,000 to her daughter-in-law Mary Hollister; $1,000 to her daughter-in-law Carrol M. Hollister; and $1,000 to her son-in-law Dave L. Furry. The remainder is disposed of by a residuary clause which reads thus:

"I give and devise and bequeath all of the rest, residue, and remainder of my estate of every name and

nature whatsoever, owned by me at the time of my death to my beloved son Frederick Hollister.''

At the time of her death, Philoclea A. Hollister did not own any property except about $2,000 in cash and other personal property worth approximately $1,000. Philoclea A. Hollister was survived by her three children George Stanton Hollister, Frederick Hollister and Frances S. Furry.

On June 23, 1913, the Central Trust Company paid to Frederick Hollister the sum of $39,014.57 as the principal of the trust fund, less certain charges, on the theory that the will of Philoclea A. Hollister designated him as the person to whom the trust fund should be paid.

The complaint alleges that Philoclea A. Hollister failed to name any person in her will to whom the trust fund should be paid and that because of such failure the trust fund must be divided equally between the plaintiff George Stanton Hollister, the defendant Frederick Hollister and their sister Frances S. Furry. There was a decree for the defendant and the plaintiff appealed.                      AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. A. S. Hammond.*

For respondent there was a brief and an oral argument by *Mr. Frederick Hollister, propria persona.*

MR. JUSTICE HARRIS delivered the opinion of the court.

The only question for decision is whether the residuary clause in the will of Philoclea A. Hollister operates as an execution of the power which the will of William Henry Hollister conferred upon Philoclea A.

Hollister. The plaintiff takes the position that the power has not been executed, and that therefore the trust fund must be paid to the children of Philoclea A. Hollister. The defendant contends that the residuary clause in the will of Philoclea A. Hollister operated as a complete execution of the power, and that therefore he is entitled to retain the trust fund which was paid to him by the Central Trust Company. If the residuary clause in the will of Philoclea A. Hollister executed the power to name the person to whom the trust fund should be paid, then the defendant is entitled to prevail; but, if the power was not executed, the fund must be divided among the children as directed by the will of William Henry Hollister.

1, 2. As a preliminary to the decision of the ultimate question, we must first ascertain whether the law of New York or the law of Oregon shall govern. By the terms of the will of William Henry Hollister, only the net income of the principal fund was to be paid to Philoclea A. Hollister. She never owned the trust fund. She only had the power to name the person or persons to whom the principal of the trust fund should be paid upon her death; and a person named by her as the beneficiary of the trust fund takes under the will of William Henry Hollister and not through Philoclea A. Hollister nor even under her will. The beneficiary takes the trust fund as property owned by William Henry Hollister and not as property owned by Philoclea A. Hollister. The donor of the power merely uses the donee of the power as an instrumentality for the selection of a beneficiary; and, when selected, the beneficiary takes directly from the donor of the power and not from nor through the donee of the power.

The testator, William Henry Hollister, was domiciled in New York; the trust fund was at all times actually within the State of New York; and the trustee was a New York trustee. Since the trust fund. was personalty which was not only actually in New York but was also owned by a person domiciled in New York, and the trustee was likewise in New York, it necessarily follows that the trust fund was at all times subject to the laws of New York. The State of Oregon cannot control the disposition of personalty which is not only owned in New York but is actually in New York; and hence the question of whether the power conferred by William Henry Hollister has been executed, is to be governed by the laws of New York and not by the laws of Oregon, although the general rule is that the validity of the will of Philoclea A. Hollister, considered as a will, is to be determined by the laws of Oregon. No attack is made upon the will of Philoclea A. Hollister; and it may therefore be assumed that it is a valid will. It will not be necessary to inquire whether, under the laws of Oregon, a residuary clause in the will of the donee of a power would operate as an execution of such power, for the reason that the laws of New York must govern in the decision of the instant case: *Cotting* v. *De Sartiges,* 17 R. I. 668, 669 (24 Atl. 530, 16 L. R. A. 367) ; *Sewall* v. *Wilmer,* 132 Mass. 131; *Lawrence's Estate (Appeal of Appleton),* 136 Pa. St. 354 (20 Atl. 521, 20 Am. St. Rep. 925, 11 L. R. A. 85) ; *Bingham's Appeal,* 64 Pa. St. 345; *Lane* v. *Lane's Admx.,* 4 Penne. (20 Del.) 368 (55 Atl. 184, 103 Am. St. Rep. 122, 64 L. R. A. 849) ; *Rhode Island Hospital Trust Co.* v. *Dunnell,* 34 R. I. 394 (83 Atl. 858, Ann. Cas. 1914D, 580) ; 31 Cyc. 1133.

3. Under the rule of the common law the donee of a power must manifest an intention to execute the power.

A power fails of execution if it be doubtful whether the donee intended to execute the power. If, however, it is apparent and clear that the donee intended to execute the power and the transaction is not fairly susceptible of any other interpretation, then the power is deemed to be executed. The intention to execute the power must appear in its execution, either expressly or by necessary implication, 31 Cyc. 1121; and, while other cases may exist, the books usually speak of three classes of cases as a sufficient demonstration of an intention to execute a power: (1) When the instrument which executes the power makes some reference to the power; (2) when the instrument which executes the power refers to the property which is the subject of the power, or the instrument creating the power, or the authority for exercising the power; and (3) where the instrument executed by the donee of the power would have no operation except as an execution of the power: *Blagge* v. *Miles,* 1 Story, 426 (Fed. Cas. No. 1479); *Lane* v. *Lane's Admx.,* 4 Penne. (20 Del.) 368 (55 Atl. 184, 103 Am. St. Rep. 122, 64 L. R. A. 849).

In the absence of statutes, the rules of the common law relating to the execution of powers are followed in most of the jurisdictions in this country, although as early as 1863, the courts of Massachusetts rejected the common-law doctrine and adopted a rule analogous to the statutory rule found in 1 Vict., C. 26, Section 27, which was enacted in England in 1837, and provides that a general devise of real property of the testator should be construed to include all real estate over which such testator may have had a power of appointment, and should operate as the execution of such power, unless a contrary intention should appear by the will, and that a general bequest of the personal property of the testator should be construed to include all the per-

sonal property over which the testator may have had a power of appointment, and should operate as the execution of such power, unless a contrary intention appeared in the will: *Amory* v. *Meredith,* 7 Allen (89 Mass.), 397. Some of the states have enacted statutes changing the common-law rules relating to the execution of powers; and New York is one of the states which have changed the common-law rules.

4. Neither party pleads the New York decisions, nor does either party plead the enactment or existence of any statute of New York; but in his printed brief, Frederick Hollister gives a statement of the original New York statute and the subsequent judicial decisions. He relies upon the statute and decisions of the State of New York. George Stanton Hollister expressly admits in his brief that the facts are "correctly stated" in the brief of the defendant "and that the law is as there set forth"; and the sole contention made by the plaintiff is that "it does appear from the will of Philoclea A. Hollister that she did not intend to execute the power." The plaintiff expressly admits the right of the defendant to look to the New York statutes and decisions and no question is raised because of a failure to plead the New York statutes. The cause was tried and determined upon facts which are recited and admitted in the pleadings; and, since this adjudication will not bind strangers to the litigation, we shall assume, under the circumstances existing here, that a failure to plead the New York statute does not prevent us from ascertaining and applying the law of New York.

5. In the early history of the state, and even before the passage of the English statute, New York passed a statute which is found in 1 Revised Statutes of New

York, page 737, Section 126, as printed and published in 1829, and reads thus:

"Lands embraced in a power to devise, shall pass by a will purporting to convey all the real property of the testator, unless the intent that the will shall not operate as an execution of the power, shall appear, expressly or by necessary implication."

Although the statute was in terms only applicable to real estate the courts of New York reasoned by analogy and adopted a like rule to be applied to general bequests of personal property. The doctrine adopted by the courts with reference to personalty was approved by the legislature of New York in 1897, when it enacted a statute which reads thus:

"Personal property embraced in a power to bequeath, passes by a will purporting to pass all the personal property of the testator; unless the intent, that the will shall not operate as an execution of the power, appears therein either expressly or by necessary implication": Vol. 1, Ch. 417, Section 6, Laws of 1897 of New York.

Whether viewed with reference to the judicial rule which prevailed in New York even before the existence of a statute including personalty, or with reference to the statutory rule of 1897, the residuary clause in the will of Philoclea A. Hollister operated as an execution of the power conferred upon her, unless it can be said that an intent not to execute the power appears in her will "either expressly or by necessary implication." The will does not in terms express an intent not to execute the power; nor, on the authority of *Lockwood v. Mildeberger,* 159 N. Y. 181, 186 (53 N. E. 803), is such an intent necessarily implied, for it is there stated that:

"Necessary implication results only where the will permits of no other interpretation. Necessary is de-

fined to mean: 'Such as must be'; 'Impossible to be otherwise'; 'Not to be avoided'; 'Inevitable.' The intent not to execute the power, therefore, must not be implied unless it so clearly appears that it is not to be avoided.''

Applying the law of New York, as enacted by the legislature and as construed by the courts of that state, to the residuary clause appearing in the will of Philoclea A. Hollister, the inevitable conclusion is that the residuary clause executed the power; and, therefore, Frederick Hollister was entitled to receive the principal of the trust fund from the trustee: *Hirsch* v. *Bucki*, 162 App. Div. 659 (148 N. Y. Supp. 214); *Mott* v. *Ackerman*, 92 N. Y. 539; *New York Life Ins. & T. Co.* v. *Livingston*, 133 N. Y. 125 (30 N. E. 724); *Cutting* v. *Cutting*, 86 N. Y. 522; *In re Mayo's Will*, 76 Misc. Rep. 416 (136 N. Y. Supp. 1066); *Hutton* v. *Benkard*, 92 N. Y. 295; *McLean* v. *McLean*, 174 App. Div. 152 (160 N. Y. Supp. 949). The decree of the Circuit Court is affirmed.                                        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE BURNETT concur.