SAGER, OLIVER, HAMILTON, MILLER, HALE, BLISS, and MITCHELL, JJ., concur.

---

JACOB A. ANDERSON, Appellant, v. ROLLO CONKLIN et al., Appellees.

No. 45391.

October 22, 1940.

Ralph H. Munro, for appellant.

F. M. Beatty, for appellees.

Stiger, J.—This litigation arises out of paragraph 6 of the will, which reads:

"To my son Sanford A. Anderson, I devise, give and bequeath the use, produce and income during the term of his life of my Real Estate described as follows: * * * [Description of 120 acres]. Subject to this proviso that my wife Harriett Anderson shall have the use, produce and income during the term of her life of the following described 40 acres: * * * [Describing 40 acres of the 120 acres]. And at the death of the above named Sanford A. Anderson the 120 acres above described shall descend to his heirs, absolutely and in fee simple."

The will was admitted to probate in 1901. Harriett Anderson, a life tenant, died in 1911. Sanford Anderson, a life tenant, had three children, Grace, Margaret, and the plaintiff, Jacob A. Anderson. Grace married defendant Rollo Conklin in 1907, and died intestate without issue in 1909. Sanford Anderson died in 1939, survived by two of his children, Margaret Anderson Bower and the plaintiff, Jacob A. Anderson. Mrs. Bower conveyed all of her interest in the real estate to plaintiff.

Defendant Rollo Conklin claims that his wife, Grace Anderson Conklin, received a vested remainder in one third of the real estate under the will of the decedent and, as her surviving spouse, is entitled to one half thereof or a one-sixth interest in the real estate.

For a defense to the suit, defendants pleaded: (1) That Grace Anderson Conklin at the time of her death was the owner of an undivided one-third interest in the real estate under the will of decedent subject to the life estate of her father, Sanford A. Anderson, who is now deceased; that Mrs. Conklin died intestate and without issue, and that defendant Rollo Conklin, as her surviving spouse, owns an undivided one-sixth interest in the real estate. (2) In a prior adjudication in a suit to construe the will brought by the life tenant Harriett Anderson it was decreed that Grace Anderson was devised a vested remainder in one third of the real estate subject to the life estate of her father.

A decree was entered sustaining defendants' plea of prior adjudication.

The will was admitted to probate in July 1901. In September 1901, Harriett Anderson, surviving wife of decedent, and life tenant, brought a suit in equity for construction of the will.. Sanford Anderson, life tenant, and his three children, Grace, Margaret, and Jacob Anderson (plaintiff herein), and others were made parties defendant. The petition alleged plaintiff and defendants were unable to agree as to the meaning, intention and legal effect of the will; that defendants claimed (a) that the will was obscure and ambiguous and it was impossible for them to determine its meaning and the testator's intention; (b) that it violated section 2901, 1897 Code, which prohibits perpetuities; (c) that the rule in Shelley's case applied under which will Sanford Anderson received a fee simple title, and (d) that the will devised a fee simple title to Sanford Anderson and heirs of Sanford Anderson. Plaintiff then proceeded to deny the contentions of defendants and alleged the will was neither obscure nor ambiguous and clearly revealed the testator's intention to devise life estates to plaintiff and Sanford Anderson and, at the death of Sanford Anderson, the real estate descended to his children, the defend-

ants (Grace, Margaret and Jacob Anderson), and other heirs of his body who may come within the scope of the provisions of said will, absolutely and by title in fee simple. The petition does not purport to definitely allege the interest the children of Sanford Anderson received under the will, that is, whether they received a vested or contingent remainder.

In September 1901 a decree was entered in the case. It found that the will was plain and unambiguous; that plaintiff, Harriett Anderson, had a life estate in the property, and, "at the death of Sanford A. Anderson, the real estate described last above, descends to his children, the defendants, Grace V. Anderson, Margaret E. Anderson and Jacob A. Anderson, and other heirs of his body who may come within the scope of the provisions of said will, absolutely and by title-in-fee-simple;" etc. After then construing other provisions of the will not material to this case the decree stated with reference to the real estate involved herein that subject to the life estates "the title of said real estate is in the children and heirs of the said Sanford A. Anderson."

I. Plaintiff, appellant, contends that the court was without jurisdiction to construe the will of Jacob F. Anderson because its language is plain and unambiguous and not open to doubt. To sustain this contention, appellant cites the case of Anderson v. Meier, 227 Iowa 38, 287 N. W. 250. In the Anderson case, the testator provided (1) for the payment of debts and funeral expenses; (2) devised and bequeathed to his wife all of his property, and (3) appointed his wife executrix. A suit was brought in equity to construe the will. The trial court sustained a motion to dismiss. In affirming the lower court, Justice Hale states, in 227 Iowa 38, 41, 287 N. W. 250, 251:

"The right of a court, whether equity or probate, to entertain an action solely for the construction of a will, applies only to such actions as pertain to wills where the meaning is uncertain in its terms—ambiguous. The wording of Dr. Schroeder's will admits of but one meaning, and is expressed in such terms as to be clear and certain to any person."

In the instant case, the will states "and at the death of the above-named Sanford Anderson the 120 acres above described shall descend to his heirs absolutely and in fee simple."

Similar clauses in wills have found their way to this court in many cases for construction and especially for the purpose of determining whether the devise to remaindermen is vested or contingent.

In the late case of Skelton v. Cross, 222 Iowa 262, 268 N. W. 499, the court recalls that the definitions of contingent and vested remainders announced in Archer v. Jacobs, 125 Iowa 467, 101 N. W. 195, were inferentially repudiated by Fulton v. Fulton, 179 Iowa 948, 162 N. W. 253, L. R. A. 1918E, 1080, and Saunders v. Wilson, 207 Iowa 526, 220 N. W. 344, 60 A. L. R. 786.

Justice Hamilton, speaking for the court in the Skelton case, supra, at page 268 of 222 Iowa, page 503 of 268 N. W., said:

"We could again turn-about-face and recede from the above-mentioned extreme and apparent dogmatic common law definition of a vested remainder, and apply the rule of the case of Archer v. Jacobs and other similar cases to the will in question, but to do so would only render the confusion all the more confounding."

In Scofield v. Hadden, 206 Iowa 597, 220 N. W. 1, the court held that the rule that when a devise is to a remainderman "at," "upon," or "from" the death of the life tenant such words ordinarily indicate the time when the estate is to be enjoyed and not the time of the vesting of the estate does not have application where the will clearly indicates that such terms are used for the purpose of fixing the time when the estate shall vest.

The petition for construction of the will presented to the court the question, among others, whether the devise was a contingent or vested remainder. No question is more debatable or more prolific of litigation than the question whether a remainder is vested or contingent. While the decree stated that the will was plain and unambiguous, it also said that "this cause of action for the construction of said will was necessary in the settlement of the estate of the said Jacob F. Anderson, deceased." Eminent counsel in this case are in disagreement over the question whether Grace Anderson received a vested or contingent remainder. In the next division of this opinion

we are called on to construe the decree that construed paragraph 6 of the will. In Anderson v. Meier, 227 Iowa 38, 41, 287 N. W. 250, 251, supra, the language of the will was clear and certain, "expressed in such terms as to be clear and certain to any person." Because of the obviously different fact situation, the case of Anderson v. Meier does not control this decision. We are of the opinion that the clause was not so free from doubt that the devisees could not have had reasonable doubts as to its true construction and we hold the court was right in assuming jurisdiction and exercising its power to construe the will.

██ II. With reference to the plea of prior adjudication, appellant claims the decree construed the devise as a contingent remainder while defendants interpret the decree as awarding Grace Anderson a vested remainder.

Mrs. Conklin predeceased her father Sanford Anderson. The will provided that at the death of Sanford Anderson the real estate "shall descend to his heirs absolutely and in fee simple." In construing this provision the decree states that at the death of Sanford Anderson the real estate "descends to his children, the defendants, Grace V. Anderson, Margaret E. Anderson and Jacob Anderson, and other heirs of his body who may come within the scope of the provisions of said will, absolutely and by title-in-fee-simple." In the latter part of the decree, apparently in recapitulation, it is stated that subject to the life estates "the title of said real estate *is in the children* and heirs of the said Sanford A. Anderson." (Italics supplied.) The decree apparently construed the word "heirs" in the will as meaning the children of Sanford A. Anderson, though there is nothing in the will to warrant such construction. Grace Anderson is designated as a devisee and the decree specifically holds that the present title to the real estate was in the children of Sanford Anderson subject to the life estates.

We agree with the trial court that the decree construed the will as devising a vested remainder to Grace Anderson in an undivided one-third interest in the real estate.

██ Appellant further contends that, assuming the decree adjudicated a vested remainder in Grace Anderson, the decision was erroneous as the devise was clearly a contingent remainder. In Westcott v. Meeker, 144 Iowa 311, 122 N. W. 964, 29 L. R. A.,

N. S., 947, a devise to life tenants and at their death "descend to their heirs" was held to be a contingent remainder. The court states, page 324 of 144 Iowa, page 969 of 122 N. W.:

"In other words, the remainder to the heirs of Charles Alfred Westcott was contingent in this sense that until his death it could not be determined what person or persons corresponded with that description so as to be entitled to enter into the property on the termination of his life estate. But instantly on his death the remainder vested in those persons who at that time were entitled to take his property as his heirs. * * * until the determination of the life estate, it was impossible to know who would take as heirs, and therefore no interest became vested until that time under the devise to heirs."

However, because of our holding that Grace Anderson's interest in the real estate under the will of Jacob F. Anderson was adjudicated by the prior decree, it is unnecessary for us to consider its merits.—Affirmed.

RICHARDS, C. J., and MILLER, BLISS, OLIVER, MITCHELL, HAMILTON, and HALE, JJ., concur.