JOHN BUSSING et al., Appellees, v. JOHNSTON T. HOUGH et al., Appellees; HARRYIETTE M. WEHR, Appellant; A. SCHUYLER BUSSING et al., Interveners, Appellees.

No. 46822.

FEBRUARY 5, 1946.

Stipp, Perry, Bannister, Carpenter & Ahlers, of Des Moines, for appellant.

Harry D. Byers, of Adair, for appellees.

Robert Brooke, of West Liberty, and Musmaker & Musmaker, of Greenfield, for intervener appellees.

OLIVER, J.—M. R. Hough, of Adair County, Iowa, died without issue. His entire estate was situated in Iowa. His will, there executed in 1912, was in 1913 admitted to probate in Adair county. Item I of the will directs the payment of debts. Item II disposes of the remainder of testator's estate as follows:

"1. To B. T. Hough and W. H. Burr, Trustees in Trust for my beloved wife, Elizabeth Hough, the undivided one-third of all of said rest, residue and remainder of my said estate, real, personal and mixed, said Trustees to control said property during her natural life time, then said property to be distributed among the heirs of my said wife or as she may direct.

"To the said B. T. Hough and W. H. Burr, Trustees in Trust, a life estate to my beloved wife, Elizabeth Hough, in the remaining two-thirds of said rest, residue and remainder of my said estate, real, personal and mixed, all of which shall be in lieu of all of her statutory rights in and to my said estate.

"I hereby direct that said Trustees keep my said estate intact during the life time of my beloved wife, Elizabeth Hough, and that they shall invest the moneys and credits in first mortgage securities not to exceed one-half the value of said security.

"I further direct that my said Trustees turn over to my beloved wife, during her natural life time, the entire income from my entire estate, semi-annually from the date of my death."

Other provisions of Item II, disposing of the remainder of said remaining two thirds, upon the death of the wife, are not involved in this appeal.

. The surviving spouse, Elizabeth Hough, did not remarry. She moved to California and died there in 1944 possessed of $24,000 of her own, deposited in California banks, and other property. Her will, executed in California, was there admitted to probate and was thereafter probated in Adair County, Iowa, as a foreign will. After minor bequests of money and personal property, to several persons, and the remainder of decedent's household effects to "my faithful nurse and companion Mrs. Harryiette Wehr," the will provides:

"FOURTH: I hereby give, devise and bequeath to the said Mrs. Harryiette Wehr all the rest, residue and remainder of my estate of whatsoever kind and nature and wheresoever situated."

This action in partition was brought by the heirs at law of Elizabeth Hough (some appear as interveners) claiming, under paragraph 1 of Item II of the will of M. R. Hough (above quoted) an undivided one-third interest in certain Iowa real estate. Said real estate consists of all the real estate originally belonging to said trust estate and also other real estate secured by said trust by the foreclosure of mortgages held by it. All of the assets of the trust were and are in Iowa. Defendant Harryiette Wehr claimed ownership of the same undivided one third, under the above-quoted residuary clause of the will of Elizabeth Hough. The trial court adjudged that plaintiffs and interveners owned said one third and Harryiette Wehr had no right thereto. Harryiette Wehr has appealed.

I. Appellant contends the will of M. R. Hough did not create a power of appointment in Elizabeth Hough to dispose of said one-third interest in the trust estate at her death but that it gave her the absolute ownership of the equitable fee therein.

This court has frequently determined whether certain provisions of a will created a life estate or a fee. Although in most cases the will interpreted differs from all other wills,

certain rules of interpretation are generally recognized. Two of said rules, quoted in Law v. Douglass, 107 Iowa 606, 610, 78 N. W. 212, 213, are as follows:

'' 'First. If the primary gift conveys and vests in the first taker an absolute interest in personal, or an absolute fee simple in real property, it exhausts the entire estate, so that there can be no valid remainder. Second. A life estate expressly created will not be converted into a fee, absolute or qualified, or into any other form of estate greater than a life estate, merely by reason of there being coupled with it a power of disposition, however general or extensive. * * *' [Mansfield v. Shelton, 67 Conn. 390, 394, 35 A. 271, 272, 52 Am. St. Rep. 285.]

''The distinction between the attempt to devise the estate remaining after the death of the devisee to whom the absolute fee has been given and the remainder after the exercise of the power of disposition thereof as a separate interest, where a life estate only is given, should be observed. To the gift of a life estate may be annexed the right to sell the remainder for defined purposes, as a separate gift, and a devise of the part undisposed of is held good.''

The decision states that in Collins v. Wickwire, 162 Mass. 143, 144, 38 N. E. 365 (where the wife was given the estate to have and hold for her use and benefit during her natural life, with the right to dispose of the same by gift or will at her decease):

''* * * the distinction is pointed out: 'On the other hand, in this State, and generally elsewhere, this principle is held not to be applicable where the will purports to give only a life estate to the first taker, with merely a power of disposition of the remainder as a separate interest. In such a case, if the power is executed, the property passes under the original will through the execution of the power to the person designated, and if it is not executed it remains to be affected by the other provisions of the will, or to pass as undevised estate of the testator.' ''

In the case at bar the will gave the one third of the

estate to the trustees in trust for the wife, said trustees to control the same and turn over the income to the wife during her natural lifetime, then said property to be distributed among the heirs of said wife or as she may direct. It is clear the will did not give the wife the one-third interest absolutely or in fee. She was given only the income for life. She was not empowered to consume any of the corpus or to distribute it during her lifetime. The power of distribution given her was limited to the remainder.

In Steiff v. Seibert, 128 Iowa 746, 749, 105 N. W. 328, 6 L. R. A., N. S., 1186, the wife was given the use of the property for life, with the power of disposal during her life and also by gift, will, or otherwise. It was held this gave her a life estate with power of disposal and not an estate in fee simple.

Among other authorities to the same effect, are: Spaan v. Anderson, 115 Iowa 121, 88 N. W. 200; Olson v. Weber, 194 Iowa 512, 187 N. W. 465, 27 A. L. R. 1370; Paxton v. Paxton, 141 Iowa 96, 119 N. W. 284; Pool v. Napier, 145 Iowa 699, 124 N. W. 755; Iowa City State Bank v. Pritchard, 199 Iowa 676, 678, 202 N. W. 512; In re Estate of Cooksey, 203 Iowa 754, 208 N. W. 337; Mann v. Seibert, 209 Iowa 76, 227 N. W. 614; Carpenter v. Lothringer, 224 Iowa 439, 275 N. W. 98.

The will in Harlan v. Manington, 152 Iowa 707, 710, 133 N. W. 367, 368, provided that the:

"* * * third part shall be by said executors invested in productive real estate in severalty for their several uses and the title so arranged that the said grandchildren or their heir or heirs in case either of them shall have deceased leaving issue surviving them shall receive the net income of such real estate, and when of lawful age control the use thereof during the natural lives of said devisees and such devisees shall have full power to dispose of the remainder of said real estate by will and in default of such will said remainder shall descend to the lawful heir or heirs of such devisee * * .*."

In that case appellant contended Henry N. Manington, a

devisee (grandchild), took a fee because of absolute power of disposition given him by the will, and for the further reason that, under the Rule in Shelley's Case he, as ancestor, took an estate in fee simple because of the use of the words "his heirs," etc. (It may be here noted that in 1907 the Rule in Shelley's Case was abolished and a statute was enacted which provides that such language does not enlarge a limited estate. Sections 10059 and 10060, Code of Iowa, 1939.) The opinion states, at page 715 of 152 Iowa, page 370 of 133 N. W.:

"Little, if any, reliance is placed upon the proposition that Manington took a fee because of the power of disposition lodged in him by the terms of the will or deed. Doubtless the reason for this is that our recent cases so clearly settle the rule against him that no further argument can be offered in support of the contention. * * * He is driven, then, to a reliance upon the rule in Shelley's Case, and, if that be inapplicable, he must fail."

The decision then refers to Iowa decisions holding that as to wills the Rule in Shelley's Case is to be regarded as a rule of construction, which yields to testator's intent, if that can be ascertained from the terms of the will itself. The decision continues:

"Taking the will by its 'four corners,' it is apparent that the testator did not intend to convey more than a life estate to Henry N. Manington. Moreover, he did not give him full power of disposition. The only right of disposition conferred upon the devisees or the grantee in the deed from McGee was to devise the property by will, which is much less than absolute power. Indeed, we do not see how testator could have selected stronger words to show his intent to devise but a life estate to the devisees."

In the case at bar the trial court held the will of M. R. Hough gave his widow a life interest in said one third of his estate with a power of disposition of the remainder as a separate interest. That holding is in accord with the cited cases and with the general rule in this state. We concur in it.

II. The next question is whether Elizabeth Hough exer-

cised this power of appointment. In the absence of statute it is generally held that a power of appointment is not executed by the residuary clause in a will unless an intent to exercise such power appears in addition thereto from the terms of the will. In re Wills of Proestler, 232 Iowa 640, 5 N. W. 2d 922; In re Trust of Stork, 233 Iowa 413, 9 N. W. 2d 273.

The will of Mrs. Hough makes no reference to the power of appointment nor to the property on which the power is to be executed. Nor is there any provision in the will which would otherwise be ineffectual or a mere nullity—in other words, would have no operation except as an execution of the power. No intent to exercise the power appears from other provisions of said will.

Under the rule of the above cases the provisions of the will of Mrs. Hough would not be sufficient to constitute an execution of the power of appointment. Appellant does not contend to the contrary.

■ Her contention is that, because Mrs. Hough's will was made in California by a resident of that state who died therein, the California law governs the issue. She points out that a California statute provides that a devise of all the testator's property passes all the property he was entitled to dispose of by will, including property embraced in a power to devise.

Where a testamentary power of appointment is exercised by the will of the donee, the property passes to the appointee directly under the first will and not under the second will, the second will being merely the designation of the persons who are to take the property under the first will. In re Estate of Higgins, 194 Iowa 369, 373, 189 N. W. 752; 69 C. J. 851. Hence, it has been said that the law of the state of the domicile of the donor of the power of appointment (the testator in the first will) governs as to questions relating to the sufficiency and construction of the provisions of the appointing instrument (the second will). 11 Am. Jur. 486; Restatement of the Law, Conflict of Laws, sections 286, 287, 288. We need not separately consider the rule that as to real estate the law of the situs thereof is controlling upon such questions, because in this case the situs of all of M. R.

Hough's property, as well as the situs of his estate, the trust, and all the property of the trust, is and has been Iowa, where he lived and died. Restatement of the Law, Conflict of Laws, section 236, comment c; 15 C. J. S. 942.

Various authorities cited by appellees and decisions listed in an extended annotation in 150 A. L. R. 519, et seq. support the foregoing rules. Section IV of said annotation, at page 531, refers to questions relating to the sufficiency and construction of the provisions of the appointing instrument, and states that the most common type of such cases is those in which, under the law of the donor's domicile, the common-law rule prevails (as in Iowa), whereas, by the law of the donee's domicile, a mere general devise making no reference to the power or property is sufficient to constitute a proper exercise of a power of appointment, or vice versa, and that the great weight of authority is that the law of the donor's domicile is controlling. Some of the decisions rely heavily upon the fact that the donor's domicile was also the situs of the various elements of the transaction, such as the situs of the property, the situs of the trust and its administration, and the domicile of the trustee. All of these elements are present in the case at bar.

A few of the decisions in point are:

Sewall v. Wilmer, 132 Mass. 131; Hollister v. Hollister, 85 Or. 316, 166 P. 940; Cotting v. DeSartiges, 17 R. I. 668, 24 A. 530, 16 L. R. A. 367; In re Barton (Pendleton), 348 Pa. 279, 35 A. 2d 266; Lane v. Lane, 4 Penne. (Del.) 368, 55 A. 184, 64 L. R. A. 849, 103 Am. St. Rep. 122; In re New York Life Ins. & Trust Co., 209 N. Y. 585, 103 N. E. 315; In re Kelly, 174 Misc. 80, 20 N. Y. S. 2d 6; Johnstone v. Commissioner of Int. Rev., 9 Cir., Cal., 76 F. 2d 55, 59, certiorari denied 296 U. S. 578, 56 S. Ct. 89, 80 L. Ed. 408.

The authorities persuade us that the question whether the residuary clause in the will of Mrs. Hough was a proper exercise of the power of appointment given her by the will of M. R. Hough is governed by the rule enunciated in the Iowa decisions rather than by California law. As already noted, it was insufficient to constitute an exercise of such power under

202

the Iowa rule. Hence, the trial court was correct in adjudicating that the property interest in question passed to appellees under the will of M. R. Hough and that appellant had no right or interest therein.—Affirmed.

All JUSTICES concur.