IN RE ESTATE OF JOHN P. ORGAN.

CITY NATIONAL BANK OF COUNCIL BLUFFS, Appellee, v. VERA S. ORGAN, individually and as executrix of the estate of RICHARD J. ORGAN, Appellants.

No. 47439.

(Reported in 38 N. W. 2d 100)

JUNE 14, 1949.

Kimball, Peterson, Smith & Peterson, of Council Bluffs, for appellants.

Ross, Everest, Johnson & Northrop, of Council Bluffs, for appellee.

OLIVER, J.—This case involves the construction of the will of John P. Organ. The question is whether the gift to each of his children of a share in the residue of his estate was vested or was contingent upon such child surviving the life tenant, Rose M. Organ. Testator's son, Richard J. Organ, survived testator but predeceased the life tenant. Richard died without issue and his will named his widow, Vera S. Organ, executrix and sole devisee. The court held the remainders were contingent, adjudged that no interest passed to Vera and ordered the residue of the estate of John P. Organ distributed among his four surviving children. Vera has appealed.

The will of John P. Organ provides in part:

### "Item IV.

"To each of my children, Ellen E. Cutler, Richard J. Organ, Philip J. Organ, Edith Sheehan and Robert B. Organ, I bequeath the sum of Twenty-Five Hundred Dollars. [This was paid and is not here in question.] * * * And also, to each of said children I bequeath and devise an equal portion of the residue of the property of my estate remaining after payment of all bequests * * * and all debts * * *; subject, however, to the interest of my wife therein and the income therefrom if she survives me, as provided in Item V of this will, and to the custody and control of said property by a trustee during the remainder of her life as provided in said Item.

"Item V.

"To my wife Rose M. Organ, if she survives my death * * * I bequeath * * * the net income from the residue of my estate * * * for and during the remainder of her life. And to secure and safeguard said income for my wife's benefit, should she survive me, and vest the custody and control of said residuary estate in a trustee for that purpose during the remainder of her life, I devise and bequeath to the City National Bank of Council Bluffs, Iowa, as Trustee, all of the rest and residue of the property owned by me at the time of my death, both real and personal, that remains * * * to have and hold the same in trust only during the remainder of my wife's life, and to be governed generally with reference thereto by the provisions of the following numbered paragraphs of this will and the general purpose of the trust:"

Paragraphs (1), (2) and (3) empower the trustee to sell and convey real and personal property and to select a depository and securities and provide that if the income is less or more than necessary for the widow's support the difference may be taken from or added to the corpus of the trust.

"(4) On the death of my wife the trust created by this will shall terminate, and the trustee shall then distribute all of the property and funds it has in its possession or control * * * to my children named in Item IV of this will, giving to each the portion designated in that Item; and should any of them be dead at that time, then to the heirs of such deceased child the share the deceased would receive if living. * * *"

Paragraph (5) provides that while it remains in possession of the trustee "the interest or ownership of my children, or of any of their heirs" in the property or income shall not be directly or indirectly alienated by them or subject to the payment of their debts.

Paragraph (6) refers to the bond, inventory and accounting, provides no order of court is necessary for the sale of any property by the trustee, etc.

"Item VI.

"Should any of my sons or daughters named in Item IV of

this will be deceased when if living he or she would be entitled to receive any money or other property under and by virtue of the provisions of this will, in that event such money or property shall pass to and become the property of the heirs of said deceased son or daughter. But if there be no such heir or heirs of said deceased son or daughter then said money or property will pass to and become the property of my surviving sons and daughters and the heirs of any deceased son or daughter, said heir or heirs taking the portion the parent would receive if living."

■ I. The purpose of construing a will is to ascertain the intent of the testator. Authorities agree that questioned provisions should be considered, not as standing alone, but as related to all other provisions of the will.

■■ In Item IV testator gives an equal portion of the residue of his estate to each named child, subject to the widow's life estate and the trust, as provided in Item V. Paragraph 4 of Item V provides that on the death of testator's wife the trust shall terminate "and the trustee shall then distribute" the property to testator's children named in Item IV, "and should any of them be dead at that time, then to the heirs of such deceased child the share the deceased [child] would receive if living."

Item VI states, should any child named in Item IV "be deceased when if living he or she would be entitled to receive any money or other property" the same shall pass to "the heirs of said deceased son or daughter. But if there be no such heir or heirs of said deceased son or daughter then said money or property will pass to and become the property of my surviving sons and daughters and the heirs of any deceased son or daughter, said heir or heirs taking the portion the parent would receive if living."

The phrase "at that time" in Item V clearly refers to the death of the life tenant, and, as to the residuary estate, the word "when" in Item VI, also refers to the death of the life tenant. Her death was the event upon which the trustees were required to distribute the property to testator's living children and the heirs of those "dead at that time."

Both Items V and VI provide the share of any child who does not survive the life tenant shall go to the heirs of such child. However, it is apparently assumed in Item VI that surviving

brothers and sisters could not be heirs. It is stated also that the heirs would take the portion the *parent* would receive if living. Hence it appears the word "heirs" was not used in its strict technical sense but was equivalent to children or heirs of the body. Kalbach v. Clark, 133 Iowa 215, 110 N.W. 599, 12 L. R. A., N. S., 801, 12 Ann. Cas. 647; In re Estate of Clifton, 207 Iowa 71, 218 N.W. 926. See Lincoln Joint Stock Land Bank v. Mitchell, 239 Iowa 995, 33 N.W. 2d 388.

The words "if living" in Items V and VI express the condition upon which a child named in Item IV could take, i.e., that he survive his mother. If he should "be dead at that time" he would take no interest in the residue of testator's estate. The identity of the substituted beneficiaries of "the share the deceased [child] would receive if living", would be determinable at the death of the mother. Generally precedents are not of much value in cases of this kind. However, the discussion in Horner v. Haase, 177 Iowa 115, 158 N.W. 548, concerning the construction of provisions expressed in language similar to that here considered, appears to be pertinent.

In a vested remainder "the estate is invariably fixed to remain to certain determinate persons." A remainder is contingent "where the estate in remainder is limited to take effect either to a dubious or uncertain person or upon a dubious or uncertain event * * *." Fulton v. Fulton, 179 Iowa 948, 957, 162 N.W. 253, 256, L. R. A. 1918E 1080; Skelton v. Cross, 222 Iowa 262, 268 N.W. 499, 109 A. L. R. 129. These definitions have been approved in various recent decisions. See 32 Iowa L. Rev. 743; Lincoln Joint Stock Land Bank v. Mitchell, 239 Iowa 995, 1000, 33 N.W. 2d 388, 391; Anderson v. Conklin, 229 Iowa 232, 236, 294 N.W. 339; Smith v. Harris, 227 Iowa 127, 287 N.W. 255. Under these definitions the remainder here in question was contingent because it was limited to take effect to an uncertain person or persons. Because Richard Organ predeceased the life tenant no interest in the remainder ever vested in him.

II. Appellant contends the court erred in holding Item VI limited or modified the devise provided for in Item IV. It is urged this is contrary to the rule that an absolute devise to a beneficiary in one provision of a will may not be destroyed or limited

by a separate and subsequent provision repugnant to and inconsistent with the first.

The will should be construed as a whole and unless the provisions are necessarily repugnant, the intention of the testator should govern. Canaday v. Baysinger, 170 Iowa 414, 152 N.W. 562; In re Guardianship of McCauley, 213 Iowa 262, 235 N.W. 738; In re Estate of Johnson, 238 Iowa 1221, 1225, 30 N.W. 2d 164. Iowa City State Bank v. Pritchard, 199 Iowa 676, 678, 202 N.W. 512, 513, states: "* * * no part or provision of the will is to be rejected unless so repugnant to a prior unequivocal devise or bequest as that they cannot both stand."

The sentence in Item IV, in which the residue is devised, contains the statement: "subject, however, to the interest of my wife therein * * * as provided in Item V * * * and to the custody and control of said property by a trustee * * * as provided in said Item." This specifically subordinates the devise to Item V. Hence the provisions of Item V are a controlling part of the devise and obviously could not be repugnant to it.

With reference to Item VI, we conclude that, insofar as it refers to the residue, it merely serves to enlarge upon and clarify paragraph (4) of Item V, and hence was not repugnant to the devisee.

III. Appellant complains the court permitted testimony that testator disapproved of and refused to recognize her marriage to Richard. We need not consider the various grounds of the objections. The residuary provisions of the will as to each child and their effect upon the rights of each spouse were the same. Since all were placed upon an equal basis, any prejudice of testator against one would furnish no aid in construing the will and probably would be immaterial. The court reserved rulings on the objections. This case was triable as an action at law and the objections should have been ruled upon. Madsen v. Obermann, 237 Iowa 461, 470, 22 N.W. 2d 350.

However, the findings and conclusions of the trial court indicate no consideration was given this testimony. Moreover, our consideration of the will leads us to conclude the judgment was correct. Hence the refusal to sustain the objections would afford no basis for reversal.—Affirmed.

HALE, C. J., and BLISS, SMITH, WENNERSTRUM, GARFIELD, and MULRONEY, JJ., concur.

HAYS, J., dissents.

MANTZ, J., not sitting.

HAYS, J. (dissenting)—I am unable to follow the majority opinion and respectfully dissent.

The crux of this case involves the intention of testator, as expressed by the third sentence in Item IV of his will. The testator there says: "And also, to each of said children I bequeath and devise an equal portion of the residue of the property of my estate * * *; subject, however, to the interest of my wife therein and |to| the income therefrom if she survives me, as provided in Item V of this will, and to the custody and control of said property by a trustee during the remainder of her life as provided in said Item." The majority opinion, reading this sentence in connection with Items V and VI, holds that the interest bequeathed to each of the children is a contingent one and affirms the trial court. In my judgment, the interest thus bequeathed is a vested one and I would reverse.

That the words "bequeath and devise" convey a fee simple estate just as effectively as though the words "absolutely", "in fee simple" etc., were used, see In re Estate of Hellman, 221 Iowa 552, 266 N.W. 36. All agree that whatever estate the children take, it is subject to the life interest of the wife, as the same is outlined in Item V. Item V does not, in my judgment, in any manner whatsoever apply to the estate taken but only to the time *when* the estate is taken.

Paragraph one in Item V creates the trust and states its purpose. It definitely limits the trust to "only during the remainder of my wife's life" and then sets forth specific directions governing the trust by the trustee, by the reference to the numbered divisions of said Item.

Division (1) thereof empowers the trustee to sell and make title, if deemed expedient for the trust. This is merely the creation of a life estate with the power of disposal and in no way does it alter or modify the estate granted in Item IV. While

strictly speaking it is an estate to the trustee, for the life of another, the wife, the practical result is the same. Paxton v. Paxton, 141 Iowa 96, 119 N.W. 284; Bussing v. Hough, 237 Iowa 194, 21 N.W. 2d 587.

Division (2) gives directions as to the investment of the corpus of the trust by the trustee.

Division (3) provides the manner in which the income from the trust is to be paid to the life beneficiary.

Division (5) states that *while* the trust property is held by the trustee the interest or ownership of the children in the property shall not be subject to alienation and forbids the trustee recognizing such. While the right of alienation is one of the attributes of a fee simple title, the attempted restriction thereof does not necessarily mean that the estates of the remaindermen are not vested. We said in Hudnutt v. John Hancock Mut. L. Ins. Co., 224 Iowa 430, 438, 275 N.W. 581, 586: "Even if the testator did have such an intention [intended to prevent alienation], this does not change the fact that it was his intention that his son should become the absolute owner of the property." In other words, if by the prior clause, an absolute estate has been granted a later clause restraining alienation is not to be considered as a modification of the former. In re Estate of Flannery, 221 Iowa 265, 264 N.W. 68; In re Estate of Bigham, 227 Iowa 1023, 290 N.W. 11. On the contrary, so far as such a clause may be deemed to be an indication of the intention of the testator, irrespective of its effect, it clearly shows that the testator recognized a vested, alienable interest to exist in the children.

Division (4) provides that the trust shall terminate upon the death of the wife and directs the trustee to distribute to "my children named in Item IV of this will, giving to each the portion designated in that Item; and should any of them be dead at that time, then to the heirs of such deceased child the share the deceased would receive if living. Such payment or distribution shall be made only to the person to whom it is given by this will, or his or her legal representative." By this provision testator recognizes that, distribution being postponed until the death of the wife, some of the ones authorized to take under Item IV may be dead, and simply directs that the trustee shall pay to such

child's legal representative. This provision is, in my judgment, very expressive of testator's intention to grant a fee. If, as the majority opinion holds, only a contingent estate was granted to each child, this provision means nothing for with the death of the child also goes the contingent estate and the legal representative of such child would have no interest therein.

I am unable to find anything in Item V which is at all inconsistent with a vested estate, and especially is this true if we are to recognize our established rule that "the law favors a construction that a remainder is vested, rather than contingent." Lingo v. Smith, 174 Iowa 461, 467, 156 N.W. 402, 404; In re Estate of Phearman, 211 Iowa 1137, 232 N.W. 826, 82 A. L. R. 674.

While by the express provisions of Item IV the remainder interest is limited only by Item V, the well-recognized rule of construction is that: in determining the intention of the testator the instrument should be examined by its four corners. The majority opinion construes Item VI as showing an intention to create a contingent estate only. Item VI provides that should any of the children named in Item IV be dead *when* if living they would be entitled to receive a portion of the estate, such portion shall become the property of their heirs (children clearly intended) and if no heirs survive them, then to the surviving children. The majority opinion seems to have overlooked the rule announced in Shoberg v. Rock, 230 Iowa 807, 298 N.W. 838, to the effect that a devise over, on the contingency of the first taker's death, refers to the death in testator's lifetime unless a contrary intention is found in other provisions of the will. See also Blain v. Dean, 160 Iowa 708, 142 N.W. 418. The majority opinion refers especially to the case of Horner v. Haase, 177 Iowa 115, 158 N.W. 548, as being a similar factual situation. I respectfully submit that this case is not in point as to the facts, and hence the reasoning thereof is not applicable to the instant case.

Accepting the definition of "vested and contingent remainders" as set forth in the majority opinion and also the authorities therein cited on this question, I am satisfied that testator intended to, and did, create a vested estate in each of his children named in Item IV of his will and that the judgment of the trial court is incorrect. I would reverse.